BIRDSELL MANUFACTURING COMPANY v. LOUGHMAN.

[No. 3,408.    Filed March 8, 1901.]

NEGLIGENCE.—*Evidence.*—*Sufficiency.*—A verdict for plaintiff in an action for injuries to his horse and buggy caused by a collision with defendant's wagon and team while the latter was running away will not be disturbed on appeal on the insufficiency of the evidence to show negligence on the part of defendant, where the question of negligence was submitted to the jury, under proper instructions, and there was some evidence to sustain the conclusion reached.

From the St. Joseph Circuit Court.    *Affirmed.*

*A. L. Brick, D. D. Bates, A. Anderson, J. Du Shane* and *W. G. Crabill,* for appellant.

*J. F. L. Meyer* and *J. W. Talbot,* for appellee.

BLACK, J.—This cause was transferred to this Court from the Supreme Court. It originated before a justice of the peace and was an action brought by the appellee against the appellant to recover damages for injury to the appellee's horse and buggy caused by collision with the same by the appellant's wagon and team of horses attached thereto on a street of the city of South Bend. The sufficiency of the evidence to sustain the verdict in favor of the appellee is questioned.

The evidence showed that a man in the employment of the appellant as a driver, being directed by a superior employe to take a package weighing about 100 pounds to a depot, hitched a pair of horses to a wagon called a handy wagon, one of a number of similar wagons owned by the appellant, and with the package in the wagon drove toward the depot. The wagon had been in use for some years. The horses were four and five years old and were spirited and fractious, and one of them while owned by the appellant had run away a number of times. While they were being driven at the rate of ten miles an hour on one of the streets of the city

paved with bricks, one of two rods, or braces, by which the tongue of the wagon was attached to the front axletree became loose by reason of a nut on the end of the rod becoming unscrewed, and the tongue fell and struck the legs of one of the horses, causing the team to run away. The wagon swerved to one side, and the driver fell off, but retained his hold upon the lines until they broke.

The appellee had driven his horse and buggy to his coal office on the same street, and had hitched his horse attached to the buggy to a telegraph post in front of the coal office. When he stepped back after so hitching his horse, he saw the approaching runaway team. Before he had time to unhitch the horse, the collision occurred. No one examined the wagon before it was taken upon this errand. The nut had worked loose by becoming unscrewed, the threads of the screw and the nut not appearing to be worn. Employes of the appellant who testified did not know that the wagon was out of order, but they had not examined as to the condition of the attachments the loosening of which caused the tongue to fall and frighten the team.

It is a duty devolving upon one who drives or causes to be driven by his servant upon a public highway his vehicle drawn by animals to exercise due care to have and keep the whole outfit in such roadworthy condition as not to cause injury to others who are exercising reasonable care in the premises. The duty of the defendant in such a case has reference to the condition of the vehicle and the harness, or "tackle", and the characteristics of the team, and relates also to the danger to others arising out of the particular situation, a higher degree of caution being needed in a street of a city frequented by many persons and vehicles than upon an unfrequented road.

To entitle the plaintiff to recover, it must be shown that there was a breach of duty on the part of the defendant. In Thompson on Negligence, 381, it is said in a note: "The obvious rule here is, that if damages are inflicted by reason

of the breaking of the carriage or tackle of a traveler on the highway, the traveler or owner of the tackle or vehicle is liable only on the principle of want of ordinary care." This is referred to as a correct rule in Elliott on Roads and Streets, §841. And in another note on page 389 of Thompson on Negligence, it is said: "The mere fact that a horse runs away upon a highway is not conclusive evidence of negligence on the part of its owner or custodian; but it is a circumstance from which negligence will be presumed, in the absence of explanatory testimony. If, however, the defendant lost control of his horse in consequence of his own prior fault, he cannot excuse himself." These expressions are in substance repeated in Elliott on Roads and Streets (2nd ed.), §842.

One who uses a vehicle upon a public highway has a right to stop and allow his vehicle to remain a reasonable time by the roadside for his own convenience, if thereby he does not unduly interfere with the rights of others in their lawful use of the highway. So to stop and remain at the edge of a highway, or at the curb of a street, is one of the most common and beneficial uses of the public way, and such use can not be regarded as contributory negligence, if enjoyed with due regard to the rights of others using due care to protect themselves and not to injure others. See Thompson on Neg., 389, note 10; Elliott on Roads and Streets (2nd ed.), §§847, 848, and cases cited.

We do not doubt that the case before us, both upon the question as to the negligence of the appellant and upon that as to the freedom of the appellee from contributory negligence, was a case to be left to the decision of the jury under proper instructions; and we regard it as outside of our province to interfere with the decision of the jury upon either of those questions, seeing, as we do, that there was some evidence to sustain the conclusion reached in the trial court.

Judgment affirmed.