## Murray *v.* Lavine, Appellant.

*Negligence—Automobiles—Collision—Street intersection—Contributory negligence—Evidence.*

In an action of trespass to recover damages to an automobile sustained in a collision with a truck, at night, at a road intersection, plaintiff testified that before starting to cross the street he looked both ways and saw nothing approaching. Several witnesses testified that defendant's lights were not burning, and one that when his attention was called to the fact after the accident he turned them on. Such evidence, although disputed by defendant, warrants the finding that defendant's truck was traveling at night, without lights, which is evidence of negligence sufficient to sustain a verdict for the plaintiff.

Under such circumstances the plaintiff's contributory negligence was not so clear as to require a finding against his right to recover. Having looked for approaching vehicles he was not bound to anticipate that a truck without headlights would suddenly appear, and he was not guilty of negligence as a matter of law, in failing to continue peering into the darkness at his right until he had crossed the street.

Argued October 13, 1927. Appeal No. 182, October T., 1927, by defendant from judgment of M. C., Philadelphia County, May T., 1926, No. 513, in the case of Thomas N. Murray v. C. Lewis Lavine. Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ. Affirmed.

Trespass to recover for damages to an automobile. Before Lewis, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $560.90, and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in entering judgment for plaintiff.

*Louis Wagner,* and with him *Richard A. Smith* and *Wilbur F. Whipple,* for appellant.

*Henry Panfil,* of *Moore, Gossling & Panfil,* for appellee.

OPINION BY KELLER, J., March 2, 1928:

This was an action of trespass tried by the court without a jury. Admittedly the only question involved was that of negligence.

The plaintiff lives on Foulkrod Street, Philadelphia, about a hundred yards west of Castor Street. About 8 o'clock in the evening of November 24, 1924, when it was dark, he was driving a car from his home slowly eastward on Foulkrod Street. As he came to Castor Street he looked both ways, and seeing nothing approaching from either direction started to cross the street. The intersection is poorly lighted. An electric light hangs from the southwest corner but because of its position and the trees, which are large there, the light is shed on Foulkrod rather than Castor Street. When plaintiff had nearly crossed Castor Street, the front of his car being beyond the roadway of the street, he was run into by defendant's ten-ton truck which, with a trailer, was traveling slowly north on Castor Street without its headlights lighted. Defendant disputes the evidence on this point but we think it is sufficiently clear to sustain a finding by a jury or a judge sitting without a jury. Plaintiff testified that he looked and saw no lights coming north on Castor Street. Immediately after the accident three witnesses testified that the lights on defendant's truck were not burning. They had not been injured by the collision for one witness testified that the truck driver switched on the lights when his attention was called to them. Borland, a disinterested witness for plaintiff, who was driving westward on Foulkrod Street testified positively "there were no lights on the truck when it was coming up Castor Road." He saw a green lantern which was hung on the right side of the truck, but that would not be visible on the side from

which the plaintiff approached. We are of opinion, therefore, that there was evidence to sustain a finding that the defendant's truck was traveling at night on Castor Street without its headlights lighted and that would be negligence sufficient to sustain a verdict or finding against him.

On the other hand plaintiff's alleged contributory negligence was not so clear as to require a finding against his right to recover.

Having looked to his right when entering the intersection and seen nothing approaching from the south, he was not bound to continue looking in that direction. He was obliged to be on the lookout for traffic westward on Foulkrod Street, that might turn south into Castor Street, and was not bound to anticipate that a truck without headlights might suddenly loom up on his right. Had he seen the truck approaching, the case would have been different: Wescott v. Geiger, 92 Pa. Superior Ct. 80, No. 134, October Term, 1927, (opinion filed December 15, 1927); but having looked and seen nothing, because of defendant's negligence in traveling without lights, we cannot say he was guilty of negligence as matter of law in failing to continue peering into the darkness at his right until he had crossed the street. See Davis v. American Ice Co., 285 Pa. 177. If a question for the jury, the finding of the judge is conclusive on us.

The assignments of error are overruled and the judgment is affirmed.