Rhoads et ux., Appellants, v. Herbert.

Argued November 27, 1929. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

*W. Y. C. Anderson,* with him *Wm. Chas. Brown,* for appellant.—The nonsuit should have been removed: Anderson v. Wood, 264 Pa. 98; Robb v. Cab Co., 283 Pa.

454; McKenzie v. Campbell, 84 Pa. Superior Ct. 112; Sweeney v. Floyd, 90 Pa. Superior Ct. 14.

*S. S. Herman,* for appellee.—There was no evidence of negligence: Davis v. Osborn, 62 Pa. Superior Ct. 291; Foster v. Curtis, 63 Pa. Superior Ct. 473; Eastburn v. Express Co., 225 Pa. 33; Flanigan v. McLean, 267 Pa. 553.

The plaintiff was guilty of contributory negligence: Virgilio v. Walker, 254 Pa. 241; Foster v. Curtis, 63 Pa. Superior Ct. 473.

OPINION BY MR. JUSTICE KEPHART, January 6, 1930:

This case illustrates the extreme-danger to pedestrians in crossing streets between regular crossings, especially when near an intersecting street. Appellant, driving east on Media Street in Philadelphia, stopped her car within a short distance of the intersection of that and 55th Street. She intended to cross from the south to the north side of Media Street. She testified that, on alighting, she went around the rear of her car, looked east and west, and no car was in sight when she started to cross. Appellee's car was coming south on 55th Street. It turned the corner into Media Street and proceeded a short distance when it struck appellant. She had reached the opposite side of the street about eight feet from the curb. The width of the street was 34 feet, the night was dark, and, while the distance appellant was from the corner is not shown with certainty or even approximately, it must have been at least 30 feet. In the action that followed the injury, the court below directed a nonsuit because plaintiff failed to establish the negligence of defendant.

A nonsuit can be entered only in a clear case; if there is any doubt as to the inferences to be drawn from the evidence, it is for the jury: Frank v. Cohen, 288 Pa. 221, 225. The mere fact that an automobile runs into a pedestrian or vehicle raises no presumption of negli-

gence; it must appear that the car was operated without regard to the rights of those injured. The evidence submitted to sustain this negligence related to the speed of the car. Appellant's son testified that he saw the car after it straightened on Media Street, and it was traveling from 18 to 20 miles an hour in a space of from 15 to 20 feet, just before it struck his mother. As we understand the evidence, it stopped immediately, almost on the point of contact.

The case cannot be considered as an altogether "between crossings" case nor is it a regular "crossing" case. It partakes to some extent of both, where the rules of each should be modified or enlarged. When a driver of a car approaches a regular crossing at an intersecting street, he is bound to exercise the greatest care for pedestrians thereon, and the car must be operated so as to stop on the shortest possible notice. But what would be negligence at a crossing is not necessarily negligence between crossings: there a vehicle need not be under instant control (McAvoy v. Kromer, 277 Pa. 196, 199); drivers are not required to sound their horns (Frank v. Cohen, supra), and an automobile has the right of way: Virgilio v. Walker, 254 Pa. 241, 245; Anderson v. Wood, 264 Pa. 98, 99. A pedestrian on a regular crossing, in view of a driver, has rights superior to those of the approaching car; when he crosses between the regular crossings, the superior right of travel is in the automobile.

Turning or going around a street corner presents a legal situation difficult to deal with both as to pedestrian and driver. While no fixed rules such as those at and between crossings can be laid down to govern conduct where an automobile turns into a street, the driver of a car must make the turn with due regard not only to pedestrians who may be on the regular crossing, but also to any person or vehicle lawfully in the highway immediately *beyond and close* to the crossing. An automobile cannot dash around a corner at an undue rate of

speed and crash into vehicle or pedestrian, without sub-
jecting the driver to liability. When this duty is disre-
garded, and an accident happens, responsibility in dam-
ages follows. Care under the circumstances is the limit
to which any rule should go, and each case must be
guided in its law by its own facts. In determining what
is due care, while consideration must be given to the
rules above announced, they must be modified by the
nearness of the pedestrian to the crossing and the time
and circumstances under which the accident occurred.
A speed of 20 miles an hour is not ordinarily unusual
between crossings, but such speed in turning a street
corner at night into a street 34 feet in width would be
negligence. In turning, persons or vehicles are not
easily seen until brought within the rays of the automo-
bile's lamps. There was, however, no proof that the
speed of the turning movement was 20 miles an hour,
nor that appellant was so close to the crossing as to be
affected by the turn, in relation to the path of the lights.
All the evidence as to speed was so unsatisfactory that
any finding by the jury as to it would be a guess; the
court below did not err in refusing to submit the case to
the jury on that point.

Aside from negligence, when appellant started across
the street, she could easily have seen appellee's car ap-
proaching the 55th Street crossing. Of course she would
not know that it would turn into Media Street, but, hav-
ing placed herself in a dangerous position, common pru-
dence should have dictated that she wait to find out.
She says that she saw the car when it was turning into
Media Street. This would be at least from 55 to 60 feet
from her, including the distance the car had to turn.
Ample opportunity was given to have avoided the in-
jury had she been guided by the ordinary instincts of
self-preservation. She did not watch the car, but, look-
ing straight ahead, continued to walk across the path of
the car's travel; it is plain she took the chance of her
ability to get safely across. She almost succeeded, as

the right fender of the car struck her when she had reached a point six to eight feet from the opposite curb, indicating she had traveled a distance of some 20 feet after leaving her car. Her carelessness so contributed to the accident as to preclude her recovery.

As stated by the present Chief Justice in Virgilio v. Walker, supra, "While conditions have not as yet arisen in any case brought before us where we have felt called upon to rule that it was negligence per se for a pedestrian to traverse a public highway between the regular crossing places, nevertheless, when one does so, he is bound to a high degree of care." And later we said, "Where one attempts to cross the street [between crossings] when vehicles are rapidly approaching close by, and injury results, he would be chargeable with such carelessness as to prevent a recovery": Anderson v. Wood, supra.

Pedestrians may not be guilty of negligence, as a matter of law, in crossing a street between regular crossings, but when they do they are charged with a high duty to observe approaching traffic on the street crossed and on the intersecting street, when the crossing is made close to such intersection. In this situation the pedestrian has a double duty to perform, that is, to watch for cars on two streets. The undertaking is a hazardous one at best, but is more so on dark nights. An automobile driven with care may run down one using the cartway before he comes within the rays of the automobile's lamps. The pedestrian in this case did not observe the care which an ordinarily prudent person should have observed at the time and place of the accident.

Judgment of the court below is affirmed.