McLaughlin v. American Ice Co., Appellant.

Argued October 22, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Homer G. White,* and with him *Layton M. Schoch,* for appellant.

*W. Y. C. Anderson,* and with him *Wm. Charles Brown,* for appellee.

OPINION BY TREXLER, P. J., January 30, 1931:

The plaintiff was crossing Girard Avenue at its intersection near Marion Avenue. He saw the defendant's team coming down Marion Avenue a quarter of a block away. He saw that the team was going to swing into Girard Avenue and paused to let it pass, when as he said, "All of a sudden, I was knocked down by the horses and wagon." This was in substance the sum total of plaintiff's testimony.

It appears that the defendant's driver, in approaching the crossing and in order to slow up, applied his foot to the brake which broke and he fell forward between the horses, losing the lines. The speed of the horses was accelerated and they hit the plaintiff and caused the injuries to recover compensation for which this suit was brought.

Those who are in charge of vehicles on the street are bound to exercise due care, so as not to injure pedestrians at street crossings. The driver of an automobile at an intersecting street is bound to exercise greatest care for pedestrians thereon and the car must be operated so as to stop on the shortest possible notice: Rhoads et ux. v. Herbert, 298 Pa. 522. The same rule applies with even greater force to a horse drawn vehicle, for the risk is increased by the presence of the horses who are not absolutely under the control of the driver, but capable of independent action. It is true that the mere fact of a runaway does not prove negligence, but in this case the cause of the runaway was shown to have been the breaking of the brake rod.

There was no proof that an inspection was had of this wagon. There was no effort made on the part of the defendant to show that the brake was in apparently good condition. A witness for the defense testified that the broken brake was in the possession of the defendant and an examination might have shown whether the brake was apparently sound or was showing evidence of deterioration or wear, but the defendant did not pursue any investigation as to this, or if he did, he did not disclose the result of it.

"It is the duty devolving upon one who drives or causes to be driven by his servant upon a public highway his vehicle drawn by animals to exercise due care to have and to keep the whole outfit in such roadworthy condition as not to cause injury to others who are exercising reasonable care in the premises. The

duty of the defendant in such case has reference to the condition of the vehicle and the harness or tackle and the characteristics of the team and relates also to the danger to others arising out of the particular situation, a higher degree of caution being needed in the street of a city frequented by many persons and vehicles, than are on an unfrequented road": Birdsell Mfg. Co. v. Laughman, 26 Ind. A. 359; 59 N. E. 872.

We quote from Ellioot on Roads and Streets, "as is said in the old English cases, 'he (the operator of a vehicle) is bound to have a good tackle and is negligent if he does not.' He is not an insurer of his tackle and we do not think the expression above quoted from the old English cases was intended to be understood as declaring it to be his absolute duty to keep his carriage and harness safe at all events under penalty of being held guilty of negligence, notwithstanding he had used reasonable care in the matter." The correct rule is thus stated by Judge THOMPSON in his work on negligence. "The obvious rule here is that if damages are inflicted by reason of the breaking of a carriage or tackle of a traveller on the highway, the traveller or owner of a tackle or vehicle is liable only on the principle of ordinary care."

The evidence to prove proper inspection was peculiarly within the province of the defendant. Unfortunately for him, the man in charge of the wagons was not living at the time of the trial. We think the matter was one that had to be submitted to the jury under all the circumstances in the case. While it is true that the mere proof of striking of the pedestrian by a vehicle does not come within the rule of "res ipsa loquitur," McAvoy v. Kromer, 277 Pa. 196, still when the facts are developed, they may disclose negligence and require a submission to the jury.

The judgment is affirmed.