## Prisco *v.* DiFabio, Appellant.

300

Argued October 11, 1938.

Before Keller, P. J., Cunningham, Baldrige, Stadt-
field, Parker and Rhodes, JJ.

*James J. Regan, Jr.,* for appellant.

*Frank B. Stockley,* for appellee.

Opinion by Stadtfeld, J., November 22, 1938:

This is an action in trespass by Anthony Prisco, the
plaintiff, against Raffaele DiFabio, the defendant, to
recover damages for injuries sustained by him because
of the alleged negligence of the defendant in striking
him as he was walking across a street intersection. The
case was tried by Glass, J., without a jury and a finding
was made for the plaintiff in the sum of $200. Defendant
filed motions for a new trial and for judgment in his
favor notwithstanding the finding. The error assigned
by the defendant is the refusal of the court to find in
his favor.

The findings of fact by the trial judge have the effect
of a verdict of a jury and will not be set aside when
there is evidence to support them: *Pocock v. Levy,* 130
Pa. Superior Ct. 94, 196 A. 869.

The plaintiff testified that on Sunday evening, April 5, 1937, at about 9:35 he was crossing Oregon Avenue at Broad Street from the southeast to the northeast corner in company of Ralph LaGamba, a friend, who was alongside him on his left; that when he was fifteen feet from the north curb of Oregon Avenue, he was struck by the defendant's automobile; that before he reached the south curb, he looked up and down the street for approaching vehicles, and seeing none, he proceeded to cross; that LaGamba was also struck. He further testified that there is a traffic light signal at the corner which was green and favorable to him, for crossing; that he proceeded across directly at the regular crossing place and not at a point farther up the street; that the defendant's car did not stop immediately upon striking him, but continued on for a distance of about one hundred or one hundred and twenty-five feet.

Ralph LaGamba, Jr., testified as follows: "Well, we were coming back from a walk and we were on the southeast corner of Broad and Oregon Avenue crossing over to the northeast corner. As we approached the corner, we looked around to see if there were any vehicles coming, which they weren't. The lights were in favor of us, they were green. We started across the street, and from nowhere the first thing I knew I felt a thud on the left and I was knocked down. After I looked around and saw what happened, I saw my boy friend. He was quite a distance away from me, he was just rolling over on his back. So I got up I was dazed, I was staggering a little, and I goes over to him. As I was picking him up there I saw blood on the side of his face and his coat full of blood......The car was quite a distance away from him."

Broad Street runs north and south and is 100 feet wide. Oregon Avenue runs east and west and is also 100 feet wide or 77 feet from curb to curb. The weather

was clear, the intersection was dry, and the grade of both streets is level for many blocks in both directions on each street.

The trial judge, if he believed the testimony on behalf of plaintiff, was justified in finding that the plaintiff, before starting to cross at the regular crossing place for pedestrians, first looked for approaching traffic and at the traffic light signals; that the traffic light being green and favorable to him, he began to cross the street; that when he had reached a point 15 feet from the north curb line of Oregon Avenue, he was struck by the defendant's automobile; and that the defendant did not operate his automobile with due care at that point.

Quoting from the opinion of the trial judge: "The plaintiff had a right under the circumstances to cross Oregon Avenue, which is a wide street, being 77 feet from curb to curb. If his testimony and that of his witnesses was to be believed, he was exercising due care in crossing—and, of course, the credibility of the witnesses was for the trial judge. The plaintiff having committed himself to the crossing as indicated, his right was superior to that of an approaching vehicle. The testimony produced and all the inferences that could reasonably be drawn from it clearly indicates that the plaintiff was free of contributory negligence and the trial judge could not have said as a matter of law that he was guilty of contributory negligence. It is only in those cases where contributory negligence is so clearly revealed that fair and reasonable individuals could not disagree as to its existence that it may be declared judicially: *Altomori v. Kruger*, 325 Pa. 235. The exact point where the accident in question happened becomes important in this case, because if it happened at the point as testified to by the defendant and his witness, the degree of care necessary to be used by the plaintiff would have been greater and that by the defendant less; and if it was at the point

testified to by the plaintiff and his witness, the degree of care necessary to be used would have been greater on the part of the defendant and less on the part of the plaintiff."

If the accident happened where the plaintiff and his witness testified, to-wit: on the pedestrians' path 15 feet from the north curb of Oregon Avenue by the collision of the automobile proceeding eastwardly, then the driver of the automobile was guilty of negligence.

Sec. 1011(b) of the Vehicle Code of 1929, as amended by the Act of June 22, 1931, P. L. 751, provides as follows: "The driver of a vehicle intending to turn to the left shall approach such intersection in the lane for traffic to the right of and nearest the centre line of the highway, and, in turning, shall pass to the left of the centre of the intersection, keeping as close as shall be practicable to the centre of the intersection, except that, upon streets laned for traffic and upon one-way streets, a left turn shall be made from the left lane of traffic in the direction in which the vehicle is proceeding. (c) For the purpose of this section, the centre of the intersection shall mean the meeting point of the medial lines of the highways, intersecting one another, except, when it is occupied by a monument, grass plot, or any permanent structure, other than a traffic control device."

The trial judge in the opinion dismissing the motion for judgment in favor of defendant, said: "A fair inference to be drawn from all the testimony in the case is that the defendant made a sharp left-hand turn from Broad Street into Oregon Avenue, and in so doing, struck the plaintiff and his companion, both of whom were crossing Oregon Avenue, at a point 15 feet from the north curb."

Quoting from the opinion of Mr. Justice (now Chief Justice) KEPHART, in *Rhoads et ux., v. Herbert,* 298 Pa. 522, 525, 148 A. 693: "When a driver of a car approaches a regular crossing at an intersecting street, he is bound to exercise the greatest care for pedestrians

thereon, and the car must be operated so as to stop on the shortest possible notice. But what would be negligence at a crossing is not necessarily negligence between crossings: there a vehicle need not be under instant control (*McAvoy v. Kromer*, 277 Pa. 196, 199); drivers are not required to sound their horns *(Frank v. Cohen,* supra), and an automobile has the right of way: *Virgilio v. Walker,* 254 Pa. 241, 245; *Anderson v. Wood,* 264 Pa. 98, 99. A pedestrian on a regular crossing, in view of a driver, has rights superior to those of the approaching car; when he crosses between the regular crossings, the superior right of travel is in the automobile. Turning or going around a street corner presents a legal situation difficult to deal with both as to pedestrian and driver. While no fixed rules such as those at and between crossings can be laid down to govern conduct where an automobile turns into a street, the driver of a car must make the turn with due regard not only to pedestrians who may be on the regular crossing, but also to any person or vehicle lawfully in the highway immediately *beyond and close* to the crossing. An automobile cannot dash around a corner at an undue rate of speed and crash into vehicle or pedestrian, without subjecting the driver to liability. When this duty is disregarded, and an accident happens, responsibility in damages follows. Care under the circumstances is the limit to which any rule should go, and each case must be guided in its law by its own facts."

A careful reading of the testimony indicates that it fully supports the findings of the trial judge.

The assignments of error are overruled and judgment affirmed.