Bowers *v.* Goodman, Appellant.

Argued October 14, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Maurice J. Friedman,* for appellant.

*Elihu A. Greenhouse,* for appellee.

OPINION BY STADTFELD, J., November 22, 1938:

This is an action for an accounting. Plaintiff alleged in his statement of claim that in April, 1935, plaintiff

and defendant entered into an oral agreement whereby the plaintiff agreed to procure customers for the defendant's oil burners and defendant agreed to pay plaintiff in compensation for his services, a commission of 10% on the amount of each contract made with any customers procured by plaintiff. He further averred that pursuant to the terms of the said oral agreement, plaintiff obtained three customers for the defendant and was the efficient, immediate and procuring cause of the contracts which defendant and said customers made. Whereupon, he became entitled to his compensation. He further alleged that he received on account the sum of $150, leaving a balance to be computed on an accounting to be made by the defendant.

The defendant denied any contract whatsoever with the plaintiff, and denied that plaintiff was the efficient cause of any contract being made. On the contrary, defendant averred that the plaintiff submitted to the defendant, the names and addresses of his prospects, and that the payments totalling $150 were made purely as an expression of appreciation for the "leads" given to the defendant by the plaintiff, at his express request.

On the issues raised by the pleadings, the case was tried before the late UTLEY E. CRANE, J., without a jury, and a finding had for plaintiff in the sum of $220.50. Motions for new trial by defendant having been dismissed, judgment was entered on the finding, and an appeal taken to this court.

The assignments of error relate to the finding in favor of plaintiff and in dismissing defendant's motion for new trial.

The plaintiff testified that he had been in the oil burning and heating business for upwards of four years; that he entered into an oral contract with the defendant in the latter part of April, 1935; that the defendant agreed to pay him 10 per cent. commission on all

orders taken or for any prospect turned in by the plaintiff to the defendant on which an order was subsequently closed. He further testified that he introduced the defendant to three prospective customers—Mrs. Levine, Dr. Corcoran and Mrs. Caine—each of whom eventually purchased equipment from the defendant.

The defendant, while denying the oral agreement, admitted that the plaintiff introduced him to these customers, and that they eventually purchased equipment totalling the sum of $3,705; that he had paid the plaintiff $150 as a gratuity, but which plaintiff claimed was paid on account of the contract.

The trial judge apparently accepted as true the testimony that the sales to the three customers which were procured by the plaintiff amounted to $3,705, and that 10 per cent commission thereon would be $370.50 from which sum was deducted $150 paid on account leaving a balance of $220.50, in which amount the finding was made.

The trial judge accepted the plaintiff's version of the case and made a finding accordingly. The finding by a judge on a case tried without a jury has the force and effect of a verdict. If there is evidence to sustain the finding, we cannot disturb it. *Pocock v. Levy*, 130 Pa. Superior Ct. 94, 196 A. 869; *Prisco v. DiFabio*, 133 Pa. Superior Ct. 299, 2 A. (2d) 576.

An examination of the evidence satisfies us that it sustains the finding.

Judgment affirmed.