Iacocca *v.* Robbins Homes, Inc., Appellant.

Argued April 17, 1950. Before DREW, C. J., STERN, STEARNE and BELL, JJ.

352

*George D. Kline,* with him *Frank F. Truscott, Harold A. Butz, Butz, Steckel, Hudders & Rupp* and *Truscott, Trinkle & Wright,* for appellant.

*Charles M. Bolich,* for appellee.

OPINION BY MR. JUSTICE BELL, June 26, 1950:

Plaintiff sued defendant in assumpsit for $192,697.24 on a large number of transactions, about half of them arising out of written agreements and half out of oral agreements. These agreements involved, inter alia, the purchase in one case of seven (7) lots; in another instance the purchase of one hundred forty-five (145) lots; in another instance the purchase of one hundred sixty-three (163) lots; the rendering of services in connection with the erection, rental and sale of houses; an agreement with respect to the exchange of a tract for. houses having an equity of $45,000.00; an oral agreement for the purchase of two groups of additional lots; an oral agreement pertaining to the rental of certain buildings and the cost of purchasing supplies. These claims totaled $232,791.64, of which $40,094.40 was paid by the defendant, leaving a balance of $192,697.24.

The defendant admitted the written agreements but averred that by mistake the agreements failed to provide for many things upon which plaintiff and defendant had orally agreed.

Defendant also averred, inter alia, that plaintiff agreed (1) to provide for water mains, concrete footways and curbs; (2) to accept a different sum per lot

than that stipulated in the written agreement; (3) that the city would furnish water mains of certain dimensions and at certain specific prices; (4) that the plaintiff would procure the paving of all streets by the City of Allentown without cost; (5) that subsequently, a written agreement was made between the parties modifying the original agreement; (6) that the defendant agreed to pay plaintff for certain services a specific sum which was far less than that which plaintiff averred; (7) that plaintiff was to receive $50.00 per house for sale and $25.00 per house for rental which was subsequently increased from time to time; (8) that one of the tracts in question had already been dedicated for park purposes and that its conveyance was not to be compensated; (9) that defendant never agreed to purchase additional lots; (10) that defendant was not to pay rent for ground or buildings used for storage; (11) that plaintiff executed a release in full; and (12) that plaintiff received from defendant cash and equities in houses to an amount aggregating $86,379.11.

Defendant also filed a counter-claim for $106,536.57 arising out of plaintiff's breach of alleged oral agreements pertaining to the City of Allentown and the procuring of water mains and the furnishing of ground for grading. All the allegations of the counter-claim were denied by the plaintiff.

The learned President Judge of the court below, sitting without a jury—after hearing testimony which covered 2072 pages and included 256 exhibits, and considering plaintiff's 150 requests for findings of fact and 29 requests for conclusions of law, and defendant's 137 requests for findings of fact and 57 requests for conclusions of law—found a verdict for the plaintiff in the sum of $29,861.88 with interest on varying parts thereof from different dates.

To the findings and to the decision of the court plaintiff filed 66 exceptions and the defendant filed 153

exceptions. The court en banc dismissed virtually all the exceptions and filed an opinion slightly modifying and supplementing the original opinion.

This was not only a very lengthy, involved and complicated case with all kinds of claims and counter-claims, charges and counter-charges, but it was also noteworthy by the fact that the court which saw and heard the witnesses, found: "This case has been marked by such evasive testimony and downright falsification as to make it difficult to get at the truth. Plaintiff admitted on the stand that he had lied under oath and in the course of admitting it he again lied. Furthermore, in his attempts to blacken Defendant's character, Plaintiff convicted himself of all kinds of chicanery in acting as Defendant's agent.

"It is more difficult to pin down Robbins' fabrications, but his entire testimony was full of evasions and contradictions and his manner of testifying was not convincing. We are convinced that he is guilty of manufacturing evidence in his own favor.

"We regret to say that the same applies to Defendant's trusted office manager and bookkeeper, . . . .

"When we come to corroboration, many witnesses had some axe to grind or grudge to pay which colored their testimony. Furthermore, the ogre of income tax agents overshadowed the whole case. . . ."

After indicating that certain written agreements were merely fronts for the purpose of increasing the purchase price for F.H.A. mortgages; and after pointing out that the testimony of numerous corroborating witnesses was vague and inconclusive; that a typewritten release was superimposed upon a paper after plaintiff had signed it and without his knowledge, and after finding that the defendant's counter-claim bordered on the ridiculous, the court said: "We have decided to hold the parties to documentary evidence or to admitted

facts, not because it simplifies our work, but because all other testimony is completely unreliable."

There was ample evidence to sustain the court's findings of fact and conclusions of law. In the light of the fact that the President Judge who saw and heard the witnesses found that both plaintiff and defendant were liars and were guilty of chicanery and of manufacturing evidence and that some of their witnesses were likewise unworthy of belief, it is impossible for the appellate court to sift the true from the false or to do anything but sustain the court below since "Findings of fact by a judge without a jury, approved by the court *en banc,* have the force and effect of a verdict of a jury if there is evidence to support them: Genetti v. Genetti, 351 Pa. 169, 40 A. 2d 413". *Perletto v. Lancaster Ave. B. & L. Assn.,* 353 Pa. 366, 370, 45 A. 2d 10.

Judgment affirmed.