## Slater v. Baldige

Before Lencher, P. J., and Brown, J.

*Krause & Boreman*, for plaintiff.

*Leo Kostman*, for defendant.

BROWN, J., October 17, 1950.—This matter comes before the court on several motions of the defendant for new trial and for judgment n. o. v., from judgments entered in favor of plaintiffs by virtue of the act of Congress (hereinafter more fully set forth), assessing treble damages against defendant, together with counsel fees of $25; after a nonjury trial before Gunther, J. Two other suits were filed against defendant, involving the same matter, and captioned as follows: Emma Erne v. Joseph F. Baldige, at no. 1374 of 1949; and Albert L. Edstrom and Jean B. Edstrom, his wife, v. Joseph F. Baldige, at no. 1375 of 1949.

Defendant contends that the trial judge erred in the assessment of treble damages against defendant, for the reason that the evidence presented by defendant should have convinced the trial judge that he, defendant, did not act willfully in making overcharges of rent above the legal maximum allowed by the Rent Control Office in Pittsburgh.

### Discussion

The facts briefly are that defendant is the owner of an apartment building located at 106 Corey Street, Braddock, Pa., and plaintiffs Slater are the occupants of the third floor apartment; plaintiff Emma Erne is the occupant of the first floor; and plaintiffs Edstrom are the occupants of the second floor of the apartment house.

The testimony has not been transcribed and we are therefore compelled to rely upon the testimony as stated in the briefs of counsel for the respective parties. In this connection, recollection of counsel is conflicting, and we are deprived of a transcript from which we

could review the testimony given by the various witnesses.

It appears that on March 1, 1948, plaintiffs Slater by lease rented the third-floor apartment from defendant, for a monthly rental of $25.30, which lease was to run until December 31, 1948, and during this period the maximum legal rent for the apartment was $17.80 per month, resulting in an overcharge in rent of $75. On December 14, 1948, plaintiffs Slater and defendant entered into a written lease for said premises, to become effective January 1, 1949, at a monthly rental of $30.30, and plaintiffs occupied the apartment until the end of September 1949, or a total of nine months, during which time they paid monthly rentals of $30.30, but that the maximum legal rent was $17.80 per month for this apartment during this period, resulting in an overcharge of $112.50; or a total overcharge of $187.50, over and above the legal maximum rent allowed by the rent control office in Pittsburgh.

Plaintiffs alleged that the rent above the maximum rent charged by defendant was illegal; that defendant knew the same was illegal; and that plaintiff tenants signed the leases permitting the higher rentals only because the defendant threatened to evict them, and that defendant made false statements to them, claiming that the office of the Housing Expediter had expressly given the defendant permission to increase the rentals.

Defendant admitted the overcharge above recited, but sought to prove that plaintiffs agreed to the amount of the overcharge, and that the overcharge was neither willful nor the result of failure to take practicable precaution against the occurence of the violation; that immediately after purchasing the property he expended the sum of $2,100 for material and for his own work in making certain improvements, and that after these improvements were made he visited the rent control office in Pittsburgh and was informed that he could

receive an increase in rent if the tenants agreed to the same; that tenants did agree to the increase but that he, defendant, by error failed to inform the rent control office of this adjusted rent. An officer of the rent control office in Pittsburgh, subpœnaed by defendant, admitted that the rent overcharge was consistent with a schedule that had been prepared, and that the rent control office, as of December 1949, was willing to hold defendant responsible merely for the overcharge; that during the time of negotiations between defendant and the rent control office, a statement was signed by plaintiffs, indicating their willingness for the Housing Expediter to adjust the differences; but that during this period of negotiations plaintiffs entered suit; that tenants, having given their consent to negotiate with the rent control office the differences that existed, were precluded from entering suit while these negotiations were in process.

### Questions of Law

I. Should a new trial be granted where it appears that a statute of limitations, embodied in the act of Congress creating the liability and also setting the time within which an action may be brought to enforce it, was overlooked by counsel for plaintiffs and defendant and the trial judge, and a verdict thereon based on evidence beyond the statutory period was rendered by the trial judge?

II. Is a tenant precluded from bringing suit for treble damages, as provided for by the Housing and Rent Act of 1947, while negotiations for adjustment of the differences relating to an alleged overcharge of rent above the maximum limit, are pending with the area rent expediter?

### Conclusion

Findings of fact by a judge in a trial without a jury have the same binding effect and force of a verdict by a jury (J. J. Pocock, Inc., v. Levy et al., 130 Pa. Superior

Ct. 94; Borough of Munhall v. Wintersteen, 89 Pitts. L. J. 321; Bowers v. Goodman, 133 Pa. Superior Ct. 305; McKeage Machinery Company v. The Osborne & Sexton Machinery Company, 124 Pa. Superior Ct. 387; and Iacocca v. Robbins Homes, Inc., 365 Pa. 351), and a trial court has an immemorial right to grant a new trial, whenever, in its opinion, the justice of the particular case so requires: Fisher, Executor, v. Brick, 358 Pa. 260; March v. Philadelphia & West Chester Traction Co., 285 Pa. 413.

We adhere to the principles of law above recited. However, the instant case is peculiar in that neither counsel for plaintiffs and defendant, nor the learned trial judge invoked the statute of limitations, as provided under section 205 of The Act of June 30, 1947, 61 Stat. at L. 199, 50 U. S. C. §1895 which reads as follows:

"Any person who demands, accepts, or receives any payment of rent in excess of the maximum rent prescribed under section 204 shall be liable to the person from whom he demands, accepts, or receives such payment, . . . for reasonable attorney's fees and costs as determined by the court, plus liquidated damages in the amount of (1) $50, or (2) three times the amount by which the payment or payments demanded, accepted, or received exceed the maximum rent which could lawfully be demanded, accepted, or received, whichever in either case may be the greater amount: Provided, That the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurence of the violation. *Suit to recover such amount may be brought in any Federal, State, or Territorial court of competent jurisdiction within one year after the date of such violation.*" (Italics supplied.)

Section 205 continued:

"For the purpose of determining the amount of liquidated damages to be awarded to the plaintiff in an action brought under this section, all violations alleged in such action which were committed by the defendant with respect to the plaintiff prior to the bringing of action shall be deemed to constitute one violation, and the amount demanded, accepted, or received in connection with such one violation shall be deemed to be the aggregate amount demanded, accepted, or received in connection with all violations. A judgment in an action under this section shall be a bar to a recovery under this section in any other action against the same defendant on account of any violation with respect to the same person prior to the institution of the action in which such judgment was rendered."

We quote, with approval, the construction of the foregoing statute, as stated in Berry v. Heller, 79 F. Supp. 476, as follows:

"Each time defendant accepted an amount in excess . . . he violated the act thereby making himself liable in damages. . . . *But such liability may be enforced only wthin a year of the violation. Consequently only those overpayments which were made in the year immediately preceding . . . the date this suit was brought, may be recovered herein. . . .*

*But, where, . . . the statute creating the liability also sets the time within which an action may be brought to enforce it, the bringing of a suit within that time is an indispensable requirement to the maintenance of the action.* That is, if suit is not brought within the time specified, the right of action itself is extinguished in addition to the remedy being no longer available. . . . *If the complaint, in cases of this character, does not show on its face that the overpayments sought to be recovered were made within the time an action may be maintained, it is incumbent upon this*

*court to point out the defect even though the defendant fails to do so."* (Italics supplied.)

Berry v. Heller was recently followed in the case of Epps et ux. v. Smith, Common Pleas Court of Philadelphia County, June term, 1950, no. 3115, opinion filed September 19, 1950, wherein the learned court said:

"Since the case of Berry v. Heller has not been overruled, then this court will follow the ruling of the district court of the United States and the action for damages in this case will be restricted to that period of time of one year prior to the day of the bringing of the suit."

We should likewise follow the ruling laid down in Berry v. Heller, supra, and in so doing we are compelled, in these actions, to say that the learned trial judge erred in allowing damages claimed by plaintiffs against defendant from March 1, 1948, through September 1949, inclusive, as the complaint, in each case, was filed November 23, 1949, thereby barring, by virtue of the statute above referred to, any claim for overcharges that arose prior to November 23, 1948.

As to the second question of law, namely, is a tenant precluded from bringing suit for treble damages, as provided for by the Housing and Rent Act of 1947, while negotiations for adjustment of the differences relating to an alleged overcharge of rent above the maximum limit, are pending with the area rent expediter, we quote section 825.5 of the Controlled Housing and Rent Regulation which provides as follows:

"Adjustments and other determinations—general considerations. . . . This section sets forth specific standards for the adjustment of maximum rents. In applying these standards and entering orders increasing or decreasing maximum rents, the Expediter shall give full consideration to the correction of inequities in maximum rents and the Purposes and Provisions of

the Housing and Rent Act of 1947, as amended as well as any previous changes in the maximum rent. . . .

"In those cases involving a major capital improvement, an increase or decrease in living space, services, furniture, furnishings or equipment, an increase or decrease in the number of sub-tenants or other occupants, or a deterioration, the adjustment in the maximum rent shall be the amount the Expediter finds would have been, on the maximum rent date the difference in the rental value of the housing accommodations by reason of such change."

Counsel for defendant cites no authority for the claim recited in his brief, to wit, that judgment should not have been entered for plaintiffs for treble damages, pending negotiations with the Housing Expediter for the settlement of the overcharge. We find no authority in agreement with defendant's contention. It is our opinion that the section of the act dealing with settlement and negotiation is entirely independent of the section dealing with the right to award treble damages. If there is any connection between the two, it would be merely evidential value bearing upon the lack of wilfulness in light of the defendant's action in making the overcharge. We assume that the learned trial judge, as a trier of facts, weighed the evidence presented by defendant, under the section of the act dealing with settlements. The credibility of the evidence in this connection was a matter for the trial judge. We therefore conclude that negotiations under the section of the act under discussion did not preclude the bringing of the suit under section 205, and for our authority we quote Woods et al. v. Polis, 180 F. (2d) 4:

" . . . The rent regulations permit the landlord to petition for an adjustment when there has been a substantial increase in services. That administrative procedure was open to the landlord here, but he chose instead to make his own determination of the worth of

the services which were to be performed by the lessees under the freeze date lease. Such a determination is not binding upon the Housing Expediter. See ˋElma Realty Co. v. Woods [169 Fed. 2d 172.] The freeze date registration of the premises remained in full force, and it permitted a maximum rental of $50 per month. It was unlawful for the landlord to receive more than $50 per month in cash *until he had successfully petitioned for an adjustment;* any cash payment in excess of that amount was an overcharge which could be recovered by the Expediter." (Italics supplied.)

We cannot resolve the questions here involved by simply reforming the verdict by allowing treble damages within the statutory period, for if we attempt to do that, the question immediately arises—would the learned trial judge have reached the same conclusion in finding, as a matter of fact, that defendant had acted willfully in making the overcharge. If the statute of limitations had been applied, it probably would have resulted in the disallowance of evidence which arose prior to the statutory period. We cannot make this decision as it would be mere conjecture and guess work. The act of Congress creating the liability for treble damages may be remedial in nature, but as was said in Byers v. Olander, 161 Pa. Superior Ct. 165, at 168:

". . . it does more than provide a remedy for a loss sustained; it imposes treble damages, or the equivalent, *as a penalty* on a landlord for collecting rent in excess of the allowable maximum."

We therefore conclude, in the interests of justice, the cases should be heard again within the limits of the court's jurisdiction, as outlined by the statute hereinabove discussed.

It is not necessary to pass upon the defendant's motions for judgment n. o. v. for the reason that we have passed affirmatively on his motions for a new trial, and accordingly, the motions for judgment n. o. v. are denied.