## Leitzel, Appellant *v.* Harrisburg Traction Company.

*Negligence—Street railways—Infants suddenly stepping in front of car—Nonsuit.*

A street railway company cannot be held liable for personal injuries to a boy nine years old, where it appears that immediately prior to the accident the boy was walking in the roadbed of a street behind a wagon, that he stepped suddenly from the road on to the track and was immediately struck by a car which was moving in the same direction at a moderate rate of speed with its gong sounding.

Argued May 23, 1905. Appeals, Nos. 10 and 11, May T., 1905, by plaintiff, from order of C. P. Dauphin Co., June T.,

1903, No. 365, refusing to take off nonsuit in case of Raymond Harrison Leitzel by his next friend and father, William ·H. Leitzel, and William H. Leitzel v. Harrisburg Traction· Company. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries to a boy nine years old. Before KUNKEL, J.

On a motion to take off nonsuit, KUNKEL, J., filed the following opinion :

The plaintiff, Raymond H. Leitzel, a boy nine years of age, and a companion about twelve years of age, were following after a loaded wagon drawn by a team of four horses on Derry street just outside the limits of the city of Harrisburg. The wagon and the boys were going in the direction of the city and the defendant's car was moving up grade in the same direction. The driveway was rough, having been shortly before filled up with crushed stones, was about seventeen feet wide, and ran along and parallel with defendant's tracks. The wagon was visible to the motorman on the car for a distance of 1,200 or 1,300 feet from the point where the accident occurred. The plaintiff's companion climbed ·upon the wagon, but was put off by the driver. The plaintiff did not succeed in getting on, and walked after the wagon for some distance about two or three feet from it, pretty close to it. The plaintiff testified in chief that about the time the injury was received he was walking between the wagon and the tracks, there being a space between them about two feet wide. On cross-examination, however, he testified that he was walking right behind the wagon until he stepped out and the car struck him. The other boy testified that he had already gotten off the wagon and that the plaintiff was walking behind him, and went to go across the tracks and stepped in front of the car. The corner of the fender struck him and he fell on the side of the track from which he came. It was also in evidence that the motorman sounded his gong for at least 100 feet before the accident, and that the car was stopped within a few feet of the place where the boy was struck, the front wheel of the car only going over his leg, and the car being stopped before the

second wheel of the truck came in contact with him. Upon this state of facts we considered it our duty at the trial to withdraw the case from the jury, because, in our judgment, it disclosed no evidence of negligence on the part of the defendant.

It will be observed that it was not then, nor is it now, contended by the plaintiffs that the defendant was negligent because of the rate of speed at which the car was moving, or because of a failure to sound the gong, or to have the car under control, or because of any other act of omission or commission, but solely because the motorman did not anticipate the sudden movement of the plaintiff upon the track in front of the car, and avoid the collision with him. The plaintiff contends that the case should have been submitted to the jury, and in support of his contention refers us to the cases of Jones v. United Traction Company, 201 Pa. 344, and Kroesen v. Railway Company, 198 Pa. 26, as ruling this case. An examination of those cases will show a marked and essential difference between them and the case at bar. The former case was that of a very young child, two years old, wandering about and upon the tracks of the defendant, and because she was wandering and therefore likely to turn one way or the other, all of which was apparent to the motorman in time to avoid collision with her, his failure to anticipate that she would wander in front of his car and thus avoid the collision was held evidence of negligence sufficient to go to the jury. In the latter case a child four years of age was crossing the track. She had already crossed and was about to recross. She was in a state of alarm and confusion, standing in the middle of the track, having walked there, a distance of twelve feet, while the car, when she started to recross, was 120 feet away. Had the motorman looked ahead he would have seen the child standing in the middle of the track, confused and alarmed, and because of her state of alarm unable to avoid the car. The case was held to be for the jury. In the one case there was presented to the motorman a child wandering upon the track and likely to move in front of the car, in the other case a child standing in the middle of the track, unable, by reason of her alarm and confusion, to move out of danger. The negligence in both those cases consisted either in not seeing the situation of the child, or, if seeing it, in entirely ignoring it. The sit-

uations presented in them were quite different from that which presented itself to the motorman in the present case. Here the boy was following the wagon on the roadway, with nothing to indicate that he would suddenly turn upon the track, and in this respect especially is the case distinguishable from that of Jones v. United Traction Company, 201 Pa. 344, in which there was everything to suggest the likelihood of the child getting in front of the car. The plaintiff was following after the wagon close to the track. The car was proceeding within the control of the motorman and at a very slow rate of speed, at the same time signaling its approach. The motorman could see the wagon and the boys following it, and for that reason evidently he was moving towards them and the team slowly and sounding his gong. What was there in the situation before him to suggest to him or require him to anticipate that the plaintiff, who was intent upon following the wagon, so far as the motorman could see, just as the car reached him, would step suddenly to the side upon the track in front of it? There is nothing in the evidence, that we can discover. In what, then, did the motorman fail? Was it his duty to refrain from passing the boys and the wagon? Was it his duty to follow behind them until the wagon or the boys left the street? Was it his duty to stop the car and chase the boys away from behind the wagon before he proceeded past it? If such was not his duty, of what act of negligence was he guilty? What act of omission or commission has he been guilty of which would make him blamable for the unfortunate injury to the boy? He sounded his gong. He approached the boys and the wagon with the car under his control and at a very slow rate of speed, and just as he reached them the plaintiff stepped in front of the car and was injured. It is not the case of running upon him while in the space between the tracks and the wagon, so that he was caught there and because of the narrow way was struck by the fender, for the evidence shows that he stepped upon the tracks. His collision with the car was due to his sudden movement towards and upon the track. It is the duty of the plaintiff to show that his injury was due to some act of negligence on the part of the defendant. This, as we view the evidence he has not done.

We think the case comes within the class of cases where a child suddenly and unexpectedly runs or steps in front of a moving car and gives rise to an imminent danger against which there is no opportunity to guard, as exemplified in the following cases : Chilton v. Central Traction Co., 152 Pa. 425 ; Funk v. Electric Traction Co., 175 Pa. 559 ; Kline v. Electric Traction Co., 181 Pa. 276 ; Pletcher v. Scranton Traction Co., 185 Pa. 147 ; Gould v. Union Traction Co., 190 Pa. 198 ; Miller v. Union Traction Co., 198 Pa. 639.

Upon a careful review of the evidence submitted by the plaintiff we are of the opinion that it was not sufficient to justify the jury in finding that the defendant was negligent, and that therefore the case was properly withdrawn from their consideration.

The motion to take off the nonsuit is overruled.

*Error assigned* was order refusing to take off nonsuit.

*John G. Gilbert,* with him *Charles B. McConkey,* for appellants.—The appellants contended in the court below and still contend, that this case is ruled by Jones v. Traction Co., 201 Pa. 344, and Kroesen v. New Castle Electric St. Ry. Co., 198 Pa. 26.

In all that line of authorities where the driver or motorman was held by the court not to be negligent, there was some essential element of negligence lacking, that is present in this motorman's conduct : Hestonville, etc., R. R. Co. v. Kelley, 102 Pa. 115 ; Gould v. Traction Co., 190 Pa. 198 ; Chilton v. Traction Co., 152 Pa. 425 ; Funk v. Electric Traction Co., 175 Pa. 559 ; Flanagan v. Pass. Ry. Co., 163 Pa. 102 ; Fleishman v. Ry. Co., 174 Pa. 510 ; Kline v. Traction Co., 181 Pa. 276 ; Miller v. Traction Co., 198 Pa. 639.

*Samuel J. M. McCarrell* and *Wolfe & Bailey,* for appellee, were not heard.

PER CURIAM, June 22, 1905 :
Judgment affirmed on the opinion of the court below.