## Meloy, Appellant, *v.* Philadelphia Rapid Transit Company.

*Negligence—Street railways—Infant—Boy darting in front of car.*

In an action by a boy seven years old against a street railway company to recover damages for personal injuries, binding instructions for defendant are proper, where it appears that at the point where the accident occurred, the middle of the street, was occupied by a market shed, narrowing the street so that the track on one side was close to the shed, and that as a car turned the corner into the track along the shed, the plaintiff, who was playing tag in the market shed, darted out and ran into the fender in the front of the car, receiving the injuries for which he brought suit.

Submitted Jan. 14, 1907. Appeal, No. 320, Jan. T., 1906, by plaintiff, from judgment of C. P. No. 5, Phila. Co., March T., 1904, No. 806, on verdict for defendant in case of John Meloy, Jr., by his father and next friend, John Meloy, Sr., and John

Meloy, Sr., v. The Philadelphia Rapid Transit Company.  Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.  Affirmed.

Trespass to recover damages for personal injuries.  Before RALSTON, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant.  Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Henry J. Scott,* for appellant.

*Russell Duane* and *Thomas Leaming,* for appellee.

PER CURIAM, March 4, 1907:

There was no evidence of negligence on the part of defendant.  The car going south on Second street reached the corner of Lombard at which point the middle of the street is occupied by a market shed, narrowing the street so that the track on the east side is close to the shed.  As the car turned the curve into the track along the shed, the plaintiff, a boy of seven years, who was playing tag in the market shed, darted out and ran into the fender in the front of the car.  The testimony to these facts is practically undisputed, and brings the case clearly under the authority of Sontgen v. Kittanning, etc., St. Ry. Co., 213 Pa. 114.

Judgment affirmed.