# McAvoy *v.* Kromer et al., Appellants.

*Negligence—Automobiles—Pedestrian—Presumption—Infant—
Darting out case—Several causes of accident.*

1. Proof of the mere fact of a collision between an automobile and a pedestrian, does not establish negligence, nor does it raise a presumption of negligence.

2. While the driver of an automobile is required to be vigilant, he is not bound to anticipate that a child will suddenly dart from the side of the street, or suddenly run across the street in front of his car.

3. The driver of an automobile need not have his car under instant control between crossings.

4. Nor is he obliged to sound his horn between crossings, unless he sees danger ahead or has reasonable apprehension to believe a child or adult will appear in his path.

5. And the pedestrian must show that he was crossing the cartway in the exercise of a lawful right, as distinguished from darting or running in front of or into a car, in order to recover damages.

6. Where the driver of an automobile may have been responsible for one or more causes of an accident, but not so as to others, and the evidence shows that the accident may have resulted from either of the causes, there can be no recovery.

Argued January 15, 1923.   Appeals, Nos. 10 and 11, Jan. T., 1923, by defendants, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1919, No. 2024, on verdict for plaintiffs in case of John Creighton McAvoy, Jr., by his mother and next friend, Florence S. McAvoy, and Florence S. McAvoy, in her own right, v. Howard S. Kromer and Frank T. Kromer, trading as Kromer Brothers.  Before FRAZER, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Reversed.

Trespass for personal injuries to a child seven years old.  Before SHOEMAKER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for John Creighton McAvoy, Jr., for $2,000, and for Florence S. McAvoy for $500. Defendants appealed.

*Errors assigned* were refusal of binding instructions for defendants and refusing judgment n. o. v., quoting record.

*C. William Freed,* for appellants.

*Victor Frey,* with him *Augustus T. Ashton,* for appellee.

OPINION BY MR. JUSTICE KEPHART, March 19, 1923:

Plaintiff's statement charges defendants with operating a car at an "excessive, illegal and improper rate of speed," and with "negligently and recklessly operating it without due regard for the safety of pedestrians and without being under due control."  The evidence does not sustain these charges, and, to affirm appellee's case, we must hold that a mere collision between an

automobile and a pedestrian or vehicle 'proves negligence; this it does not do: King v. Brillhart, 271 Pa. 301, 304; Flanigan v. McLean, 267 Pa. 553, 556. Nor does it raise a presumption of negligence. To so hold would establish the doctrine of res ipsa loquitor as to such accidents: Flanigan v. McLean, supra. There must be other evidence leading up to the fact of accident on which culpableness may be based. "In order to maintain the verdict the plaintiffs are bound to point to evidence which would justify men of ordinary reason and fairness in saying that the defendant's driver, if he had exercised ordinary care, could have avoided this accident": Eastburn v. United States Express Co., 225 Pa. 33, 38, 39; Flanigan v. McLean, supra.

There is nothing in the evidence to show how plaintiff came into this part of the street. All that we have is that he was seen just as he left the curb to cross from the north to the south side of City Line Avenue. He was next seen either being struck or underneath the front part of the automobile; no one saw him in the intervening space from the curb to the place of accident, nor, so far as the record shows, does anyone know just how the accident happened. Was he run down by the car, the driver of which could have seen him a sufficient length of time to have guarded against it? The accident occurring between crossings, did he suddenly run in front of the car; was he crossing the street heedlessly; was he crossing the street without regard to traffic, having his hand thrown over his head to keep the storm from his face; did he reach the south side of the street safely and suddenly dart back in front of the car; or did the car suddenly swerve, striking him? All these circumstances are left to conjecture; defendants might have been responsible for one or more of the causes and not so as to others. In such cases, where it is equally probable the accident may have resulted from either cause, there can be no recovery: Alexander v. Pennsylvania Water Co., 201 Pa. 252.

While the driver of an automobile is required to be vigilant, he is not bound to anticipate that a child will suddenly dart from the side of the street, or suddenly run across the street, in front of his car: McMillen v. Strathmann, 264 Pa. 13, 15; Leslie v. Catanzaro, 272 Pa. 419, 423.

When the appellee was struck he was two car-lengths east of the regular footway, between crossings. As to this part of the cartway, vehicles, such as automobiles, have the right of way: Virgilio v. Walker Co., 254 Pa. 241, 245; Anderson v. Wood, 264 Pa. 98, 99; Rosenthal v. Philadelphia Phonograph Co., 274 Pa. 236, 238. Pedestrians, however, have the right to use the cartway between crossings (Anderson v. Wood, supra, 100), but they are required to be highly vigilant. And while a child of tender years is not held, as an adult, to the strict rule of law, a vehicle need not be under instant control between crossings; and what would be negligence in reckless driving at a crossing may not be sufficient to establish negligence between crossings; further, in such cases drivers are not required to sound their horns, unless they see danger ahead or have reasonable apprehension to believe a child or adult will appear in their path.

Here the driver of the car stopped almost instantly when he struck the boy. There is no evidence of excessive speed, and nothing to show how the boy happened in the cartway before he appeared in front of the car. It would seem, from the teacher's evidence, he had time to cross the street in safety. To hold a driver of a car liable for a collision between crossings, the pedestrian must have been "on the cartway a sufficient length of time to be seen, the driver of the car being far enough away to bring his machine under control": Anderson v. Wood, supra, 101. Not only did plaintiff's evidence fail to establish that he was crossing the cartway in the exercise of a lawful right, as distinguished from darting or running in

front of or into a car, but it failed to establish defendants' negligence at the time the collision occurred.

The judgment of the court below is reversed.