## Tracey v. Hoffman, Jr.

*Automobiles — Negligence — Village street—Collision with boy suddenly running into street.*

1. Where, in an action for damages for the death of the plaintiff's minor son, seven years of age, from being struck by an automobile driven by the defendant along a borough street, it appears that the boy, who was playing tag with another boy, suddenly darted out in front of the defendant's car from behind another car parked between crossings and there was no evidence to show that the defendant was driving too rapidly or that he saw the boy or by vigilance could have avoided the collision, a compulsory non-suit is properly entered.

2. A vehicle need not be under instant control between street crossings, and the driver is not bound to anticipate that a child will suddenly run across the street in front of his car.

Rule to take off judgment of non-suit. C. P. Lancaster Co., March T., 1921, No. 40.

*B. F. Davis, Jr.,* and *B. F. Davis,* for plaintiff.

*John M. Groff,* for defendant.

LANDIS, P. J., July 7, 1923.—The plaintiff brought suit against the defendant to recover damages on account of the death of her minor son, William Tracey. The boy, who was seven years, four months and twelve days old, was, on Dec. 2, 1920, killed by an automobile driven by the defendant. The plaintiff lived on North Bank Street, in the Borough of Marietta. The accident happened on Market Street, the main street of the borough. Near Bank Street, the trolley tracks run on Market Street east and west. On the trial, two witnesses were called by the plaintiff to prove the accident. One, Frank Ziegler, testified that he saw the accident, and that when the boy was killed he was "running catercornered across the street from the south side to the north side. . . . He was killed on the north side of the street." The machine of Mr. Hoffman was running eastwardly. The right-hand side of the street would have been on the south side. The witness said he did not know whether Mr. Hoffman was driving rapidly; that a machine just passed by as Mr. Hoffman came down the street, and the boy was on the pavement when that car passed, and when the Hoffman car approached it was driven diagonally across the street to get away from the other automobile. The witness said: "He had to do it. . . . The two machines would have run together, if Hoffman wouldn't have went across;" that it was at "the time he struck the boy." The boys were playing tag. Another boy ran after William. They ran out across the street behind this other machine, in front of Hoffman; that is, the one did, and the other turned back. The boy ran off the crossing on the north side or on the west side of Bank Street, diagonally across the crossing to the left side of Bank Street. Hoffman stopped maybe twenty or twenty-five feet from where he hit the boy.

The other witness, John H. Libhart, testified that he saw the boy hit by Mr. Hoffman's car on Market Street; that Hoffman was going east; that the boy was running diagonally across the street towards the north; that he was hit about half-way across. Mr. Hoffman's car stopped about twenty feet away. The boy started off the south curb about fifteen feet west of the crossing. When the boy stepped off the curb, there was an automobile parked in front of the Catholic Church, between him and Mr. Hoffman. Another little boy was chasing him. When Mr. Hoffman approached the car standing on the south side, he sheered over about to the street car tracks. He had to do that to pass the standing car. This witness stated that "the boy ran right

4 D. & C.

out in front of him from back of the other car. . . . He ran in front of the car."

Under this state of facts, a judgment of non-suit was entered, which we are now asked to take off.

This same question has just been decided by the Supreme Court in the case of McAvoy *v.* Kromer, 277 Pa. 196. There, a child of seven years was injured by an automobile, and the case being submitted to a jury, a verdict was rendered in favor of the plaintiff. On appeal, the judgment of the court below was reversed. Mr. Justice Kephart, delivering the opinion of the Supreme Court, said: "To affirm appellee's case, we must hold that a mere collision between an automobile and a pedestrian or vehicle proves negligence. This it does not do: King *v.* Brillhart, 271 Pa. 301, 304; Flanigan *v.* McLean, 267 Pa. 553, 556. . . . While the driver of an automobile is required to be vigilant, he is not bound to anticipate that a child will suddenly dart from the side of the street, or suddenly run across the street, in front of his car: McMillen *v.* Strathmann, 264 Pa. 13, 15; Leslie *v.* Catanzaro, 272 Pa. 419, 423. When the appellee was struck, he was two car-lengths east of the regular footway, between crossings. As to this part of the cartway, vehicles, such as automobiles, have the right of way: Virgilio *v.* Walker Co., 254 Pa. 241, 245; Anderson *v.* Wood, 264 Pa. 98, 99; Rosenthal *v.* Philadelphia Phonograph Co., 274 Pa. 236, 238. Pedestrians, however, have the right to use the cartway between crossings (Anderson *v.* Wood, 264 Pa. 100), but they are required to be highly vigilant. And while a child of tender years is not held, as an adult, to the strict rule of law, a vehicle need not be under instant control between crossings, and what would be negligence in reckless driving at a crossing may not be sufficient to establish negligence between crossings; further, in such cases, drivers are not required to sound their horns unless they see danger ahead or have reasonable apprehension to believe a child or adult will appear in their path. Here, the driver of the car stopped almost instantly when he struck the boy. There is no evidence of excessive speed and nothing to show how the boy happened in the cartway before he appeared in front of the car. It would seem, from the teacher's evidence, he had time to cross the street in safety. To hold a driver of a car liable for a collision between crossings, the pedestrian must have been 'on the cartway a sufficient length of time to be seen, the driver of the car being far enough away to bring his machine under control:' Anderson *v.* Wood, 264 Pa. 101. Not only did plaintiff's evidence fail to establish that he was crossing the cartway in the exercise of a lawful right, as distinguished from darting or running in front of or into a car, but it failed to establish defendants' negligence at the time the collision occurred." See, also, Leitzel *v.* Harrisburg Traction Co., 212 Pa. 608; Sontgen *v.* Kittanning & Ford City Street Ry., 213 Pa. 114; Meloy *v.* Philadelphia Rapid Transit Co., 217 Pa. 189; Tatarewicz *v.* United Traction Co., 220 Pa. 560.

In the present case, the plaintiff's evidence showed that the two boys, who were playing tag, suddenly darted into the street, and one, who perhaps saw the automobile coming, turned back and was uninjured, while the plaintiff's son, who was in front, and was either too far in the street to escape or who did not see the car approaching and could not in time return, was run over and killed. There was no evidence that defendant saw the boy and by vigilance could have avoided the collision. The accident was, according to the evidence, solely due to the little fellow's suddenly darting out in front of the approaching car. While the death of the child is to be deplored, the defendant ought not to be made liable for an accident not due to his fault. The facts here introduced by the plaintiff almost parallel the case of McAvoy *v.* Kromer,

277 Pa. 196, from which we have cited at length. We are of the opinion that in granting the non-suit we conformed to the well-settled law upon this subject as there so lucidly presented.

The rule to take off the non-suit is, therefore, discharged. Rule discharged.

From George Ross Eshleman, Lancaster, Pa.