## Whalen, Admrx., Appellant, *v.* Yellow Cab Company.

Argued October 5, 1933. Before SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

98

*Abraham Pervin,* for appellant.

*J. Roy Dickie,* of *Dickie, Robinson & McCamey,* for appellee.

OPINION BY MR. JUSTICE MAXEY, November 27, 1933.

On September 25, 1929, at about 10:30 p. m., standard time (11:30 p. m. daylight saving time), Michael Whalen, fifty-six years of age, was walking across Penn Avenue, Pittsburgh, from the north to the south side of the street at a point about 125 feet east of the intersection of Penn Avenue and 28th Street. Penn Avenue is a one-way street and for westbound traffic only, although it has two sets of street car tracks. After Whalen had walked across the cartway on the north side of the street, crossed the westbound car track and the dummy, he was struck by the right front fender of a taxicab of the Yellow Cab Company, which was traveling westerly on the eastbound car track. The taxicab was traveling at a rate of between 35 and 40 miles an hour. When the driver of the cab was stopped by a police officer about 125 feet away from where Whalen had been hit, the driver said he "didn't even know he hit a man." Whalen received serious injuries which confined him for a long time to the hospital. On July 1, 1931, which was some time after the suit was instituted, he died and his administratrix was substituted as party plaintiff. The jury returned a verdict in favor of the plaintiff in the sum of $3,712.50.

A motion for judgment n. o. v. was made and it was granted. Plaintiff appealed.

The court below assigned three reasons for entering judgment n. o. v., (1) "plaintiff failed to produce testimony which would make it possible for the jury, aside from pure guess-work, to determine how the accident occurred"; (2) "she did not present a case of negligence free of negligence on the part of Whalen"; (3) "defendant is also entitled to judgment because of the release" which was signed at the hospital. The execution of this release was challenged by the plaintiff.

The evidence as to this accident is of a meager character. One witness testified that the cab was coming down very fast without specifying what was meant by "very fast." An officer testified that the automobile was traveling at a speed of from 35 to 40 miles an hour. There was no evidence as to the attending circumstances at the time the taxicab was traveling at this rate of speed, except that the accident happened at about ten thirty p. m. standard time. One witness testified that Penn Avenue "is a pretty light street" and there are "quite a few stores" along the street, but that most of them were closed. There was no evidence as to where the cab was when Whalen started across the street. The police officer said that he did not see the deceased until he was within two or three feet of the eastbound car track (where the accident took place).

The first reason assigned by the court below for the entering of judgment n. o. v. was ample and the other reasons need not be herein discussed. "The burden was on plaintiff to prove negligence, as no presumption thereof is raised by the mere fact that a pedestrian is struck by an automobile in a public street: McAvoy v. Kromer et al., 277 Pa. 196 [120 A. 762]; Flanigan v. McLean, 267 Pa. 553 [110 A. 370]"; Wiser v. Parkway Baking Co., 289 Pa. 565, 137 A. 797. As the accident occurred some distance from the crossing, the rule requiring extreme care at public crossings is not applicable. "What

would be negligence at a crossing is not necessarily negligence between crossings; there a vehicle need not be under instant control": Rhoads et ux. v. Herbert, 298 Pa. 522, 525, 148 A. 693.

If there was evidence offered that the driver of the defendant company's cab saw or should have seen the deceased in the road in time to appreciate the danger and avoid a collision we would have a question for the jury to determine under proper instructions from the court. See Johnson et al. v. Abbotts Alderney Dairies, 295 Pa. 548, 145 A. 605. Here there is no proof whatever that the deceased was within the defendant cab driver's view for a sufficient time to enable the latter to avoid the accident if he had been vigilant. A Mrs. Covol testified that she saw "this gentleman cross the street, and when we did, another lady present jumped up and grabbed her face and hollered, and just as she hollered, the cab struck the man and knocked him down." She gives us no information as to how far the cab was from the man who was knocked down when she first observed it. Therefore, the jury could only conjecture whether or not the deceased was in view of the cab driver a sufficient length of time to enable the latter to avoid the accident by the exercise of ordinary care. The fact that the driver of the car did not know that he had struck anybody is some evidence of his inattentiveness but that evidence alone is not sufficient to charge him with negligence or to definitely characterize that inattentiveness as the proximate cause of the fatal injuries sustained. The record supplies support for no more than a conjecture that the driver's apparent inattentiveness was the proximate cause of this unfortunate accident. This court said in McAvoy v. Kromer et al., supra, "There is nothing in the evidence to show how plaintiff came into this part of the street. ...... Was he run down by the car, the driver of which could have seen him a sufficient length of time to have guarded against it? The accident occurring between crossings, did he suddenly run in front of the car;

was he crossing the street heedlessly; ......or did the car suddenly swerve, striking him? All these circumstances are left to conjecture; defendants might have been responsible for one or more of the causes and not so as to others. In such cases, where it is equally probable the accident may have resulted from either cause, there can be no recovery."

"The mere proof of the injury to a pedestrian raises no presumption of negligence on the part of the driver of the motor vehicle. The doctrine of res ipsa loquitur does not ordinarily apply. The plaintiff cannot recover if there is no evidence as to how the accident occurred, for a verdict cannot be based on guess or speculation": Huddy on Automobile Law, 9th edition, volume 5, section 72, page 113.

The judgment is affirmed.