## Morris *v.* Lipkin, Appellant.

Argued December 6, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Thomas P. Talbot,* with him *Harry S. Ambler, Jr.,* for appellant.

*Milford J. Meyer,* with him *Robert M. Bernstein,* for appellee.

OPINION BY MR. JUSTICE KEPHART, January 7, 1935:
Plaintiff was employed by his father as manager of an automobile service station. On July 3, 1931, one Mumford, operating a truck belonging to defendant, stopped at the service station for the purpose of inflating a tire. Mumford was a regular customer of the station and, with plaintiff's permission, began to put air in the tire. In the course of this operation, however, the metal rim of the tire became loose, whereupon Mumford walked into the store run in connection with the service station and picked up a hammer that was on the counter, telling plaintiff he wished to use it to hammer a rim in place. Plaintiff told him not to use that hammer as it chipped around the edges but to find another one. Mumford placed it back on the counter and started to look for another hammer. Meanwhile plaintiff proceeded with his work about the station, and, presently, was required to walk over to another car. In so doing he passed within a few feet of where Mumford was working on the rim of his tire. The latter was using the hammer which he had been warned against using,

and as he struck a sharp blow on the metal rim a piece of steel chipped off from the head of the hammer and struck plaintiff in the left eye, resulting in the total destruction of its sight. In this action against Mumford's employer to recover damages for the loss of the eye, a judgment was entered for plaintiff, and this appeal by defendant followed.

Appellant contends that there was no breach of a legal duty in using the hammer in the condition in which it was found, and that, if there was no such breach, it was the duty of the court below to so declare; that a jury should not be permitted to find an act negligent which is less than the failure to discharge a legal duty: Bardis v. Phila. & Reading Ry., 267 Pa. 352; Wiser v. Parkway Baking Co., 289 Pa. 565. Of course, proof of the mere happening of an accident will not raise a presumption of negligence: Welsh v. Jump House Wrecking Co., 306 Pa. 228.

Appellant has submitted a number of authorities which deal with the question of injuries which are the result of fortuitous circumstances such as in the light of common experience would not have been foreseen by a reasonable man using ordinary care. The cases cited refer to unusual, unforeseeable happenings, and in this they are clearly distinguished from the case at bar. Facts must be judged in the light of all the surrounding circumstances, and here the distinguishing circumstance is that appellant's employee was warned of the dangerous nature of the hammer before he used it. Appellant especially relies upon White v. Roydhouse, 211 Pa. 13, where the plaintiff was hit in the eye by a fragment of lime which came from the mortar bed where defendant's employee was mixing mortar, when the latter, in order to pulverize a large lump of lime, struck it with a hoe, causing the piece which injured plaintiff to fly out from the lump; we held that there was nothing to show negligence on the part of defendant's workman. Had the employee in that case been warned, as Mumford was,

that what he was about to do would result in an injury or was likely to result in an injury, a very different question would have been presented. Here the defendant's employee had not only an admonition that the instrument used was dangerous, but, coupled with that, his observation of the instrument itself, which was chipped around the edges, should have disclosed to him the truth of what plaintiff had told him as to its dangerous character. While, standing alone, his mere observation of the hammer might not have been sufficient to establish a legal duty upon Mumford not to use that instrument, that observation, corroborating the warning he had just received, made it incumbent on Mumford to realize that disregard of what he was told involved a risk of causing an invasion of another's interest. He possessed such knowledge of pertinent matters as to the condition of the tool, that as a reasonable man, acting on that knowledge, he should have inferred that his act created an appreciable chance of causing an injury: Restatement of the Law of Torts, section 289. A case bearing on a closely similar situation is Cleveland, C., C. & St. L. Ry. Co. v. Weil, 68 Fed. 2d, 48. Under all the circumstances, the court below did not commit error in refusing to enter judgment n. o. v.

Judgment is affirmed.