Davidonis et al., Appellants, *v.* The Philadelphia Gas Works Co.

Argued April 19, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Frank J. Eustace, Jr.,* with him *Francis M. McAdams,* for appellants.

*Arthur Littleton,* with him *Morgan, Lewis & Bockius,* for appellee.

PER CURIAM, May 24, 1943:
On September 19, 1941, between four and five o'clock in the afternoon, Charles Davidonis, a lad then ten years

of age, accompanied by an eleven-year-old boy named Richard Wright, was on the south sidewalk of Spring Garden Street about thirty feet west of Sixteenth Street in Philadelphia. Beginning at that point there were several automobiles parked to the west along the south curb of the street. While Richard remained on the sidewalk looking at the United States Mint, Charles started to walk across to the north side of Spring Garden Street on a line immediately to the east of these automobiles. Spring Garden Street is a wide street with a double line of trolley tracks, the southernmost rail being about 17 feet from the south curb. Charles reached a point within a foot of this rail when Richard, seeing defendants' truck coming east between the rail and the parked automobiles called out to Charles in order "to make him come back." Charles turned to his right and started back to the curb, but, after taking two or three steps, was struck by the truck, his foot getting caught between the bumper and right fender. He sustained compound fractures of the tibia and fibula of the left leg. This suit was brought to recover damages. The court entered a nonsuit.

There is no evidence here of negligence upon which any liability of defendant can be based. Richard testified that when he first saw the truck it was about fifty feet from Charles. The latter was then within a foot of the rail walking north and had cleared the pathway of the truck; at least there is no evidence to the contrary and if the fact were otherwise the burden was upon plaintiffs to establish it. When Charles, in response to Richard's call, started back, the truck must have been even less than fifty feet away. The operator had no reason to anticipate that the boy would suddenly retrace his steps. While there is no testimony as to the speed of the truck it was evidently traveling slowly because it came to a stop before reaching 16th Street.

The operator of a vehicle is not obliged to have it under instant control between crossings, as would be his

duty at an intersection: *McAvoy* v. *Kromer*, 277 Pa. 196, 199, 120 A. 762, 763; *Whalen* v. *Yellow Cab Co.*, 313 Pa. 97, 99, 100, 169 A. 97, 98. Nor is this the case of a child playing in the highway and therefore liable to dart suddenly in any direction; on the contrary, the boy was walking across the street as any ordinary pedestrian would have done, and, since he unexpectedly stepped back in front of the truck at a time when it was so close to him, the operator cannot be convicted of negligence, especially as he had the truck under such control, even though not at a crossing, that he was able to bring it to a stop in little if any more than its own length.

The judgment of nonsuit is affirmed.