O'Farrell et al., Appellants, *v.* Milgram.

Argued January 10, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Joseph G. Feldman,* with him *Edward M. Goldsborough,* for appellants.

*Samuel I. Sacks,* with him *Sacks & Piwosky,* for appellee.

OPINION PER CURIAM, March 25, 1946:

This is an action in trespass by William O'Farrell, a minor, by his guardian, John O'Farrell, and John O'Farrell and Anna O'Farrell in their own right, appellants, against Joseph Milgram, appellee, to recover damages for injuries sustained when the minor appellant was struck between intersections by appellee's truck. A jury returned verdicts in favor of appellants. The court below refused appellee's motion for a new trial but sustained his motion for judgment non obstante veredicto.

On April 3, 1944, about 10:30 A. M., at 1224 North Fourth Street, Philadelphia, William O'Farrell, approxi-

mately seven and one-half years of age, minor appellant, was standing on the south side of a coal truck, parked with the rear wheels at the curb and the front wheels at the west rail of a single trolley car track. Joseph Milgram, appellee, operating a one-half ton International truck, was driving south on Fourth Street between 15 and 18 miles per hour. As he approached the coal truck he proceeded toward his left, to pass. The minor appellant remained standing along side of the bumper of the coal truck when appellee was fifty feet away. He intended to cross Fourth Street, looked, saw appellee approaching, but thought he "could make it across." When about two feet from the east curb he was struck by the left side of the front bumper of appellee's truck, as a result of which he sustained the injuries complained of. Appellee stated that he did not see the boy until he was within four or five feet from the bumper and he immediately applied his brakes. There were skid marks on the road from 12 to 14 feet in length. There was no other traffic on the street at the time of this accident.

The court below properly entered judgment non obstante veredicto in favor of appellee. There is no evidence of negligence upon which liability of appellee could be based. He testified that he saw the child for the first time when within a few feet from the point of the accident. There is no evidence of excessive speed or inattention. Appellant minor, himself, admits that he had seen appellee's truck approaching but thought he could "make it across". There is nothing in the record which would impose upon appellee the duty of extra precaution. There were no children playing in the street. The accident occurred between intersections. The operator of a motor vehicle is not bound to have it under instant control between crossings: *Davidonis v. The Philadelphia Gas Works Co.*, 347 Pa. 314, 315, 32 A. 2d 304; *Whalen v. Yellow Cab Company*, 313 Pa. 97, 99, 169 A. 97, 98.

Judgment affirmed.