368 Pa. 12 (1951)
Ebersole, Appellant,
v.
Beistline.
Supreme Court of Pennsylvania.
Argued May 21, 1951.
June 27, 1951.
*13 *14 Before DREW, C.J., STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.
Maurice R. Metzger, with him Edward E. Knauss, 3rd, and Metzger & Wickersham, for appellants.
Thomas D. Caldwell, with him Carl B. Stoner and Caldwell, Fox & Stoner, for appellee.
OPINION BY MR. JUSTICE HORACE STERN, June 27, 1951:
Around midday on January 31, 1947 an automobile operated by defendant was proceeding southwardly on Lumber Street in the Borough of Highspire, and, at a point 4 feet from the west edge of the macadam and 43 feet south of the center of the intersection of Lumber and High Streets, his car struck a bicycle on which George E. Ebersole, III, a nine year old boy, was riding. Lumber Street is 22 feet in width; High Street is a dead-end street running into Lumber Street from the east. After the accident the boy's body was found lying on the west curb 90 feet south of the point of impact of the two vehicles; his bicycle was nearby. He was pronounced dead on arrival at the hospital.
The present suit was brought to recover damages under the Survival and Death Statutes. The trial court gave binding instructions to the jury to find a verdict for defendant, discharged plaintiffs' rule for a new *15 trial, and entered judgment on the verdict, from which judgment plaintiffs now appeal.
All the evidence in the case came from plaintiffs' witnesses; defendant presented no testimony. No eyewitnesses to the accident were called, plaintiffs seeking to prove their case solely by certain alleged admissions made by defendant following the accident and by testimony in regard to the condition of the damaged bicycle. The Chief of Police testified that defendant pointed out to him the place where he struck the bicycle and that he stated he had not seen the boy until he hit him, that at the time of the accident he was going between 20 and 25 miles an hour, and that, when the impact occurred, not knowing whether the boy was caught on the bumper of his car, he was afraid to put his brakes on immediately for fear that, if the boy was hooked on the bumper, he might throw him under the wheels of the car. Plaintiffs offered to prove that at a hearing before the Secretary of Revenue to determine whether defendant's operator's license should be suspended defendant admitted he was travelling at a speed of 35 miles an hour and that he knew that children used Lumber Street to go to and from school, either walking or on bicycles. The court sustained an objection to this testimony on the ground that the best evidence would be the stenographic notes taken at the hearing and those notes were not offered in evidence. We need not now determine the correctness of this ruling, because, for purposes of the present discussion, we shall consider this testimony as if it had been admitted into the record. The only other evidence presented by plaintiffs was that the damage to the bicycle was all to the rear part of it; the hind wheel and the pedals were bent, the rear fender was jammed up against the seat, and the seat was pushed forward.
The principles applicable to cases of this kind have been so frequently proclaimed that it would seem quite *16 unnecessary to reiterate them. Stating them briefly, however, they are as follows: The mere fact that a collision has occurred between two vehicles affords no basis, in the absence of evidence as to the manner of its occurrence, for inferring that one party rather than the other was at fault; in other words, the doctrine of res ipsa loquitur does not apply.[1] Nor does that doctrine apply to a collision at a crossing any more than at other points on the highway.[2] The evidence is insufficient to warrant recovery if it fails to describe, picture or visualize what actually happened sufficiently to enable the fact-finding tribunal reasonably to conclude that the defendant was guilty of negligence and that his negligence was the proximate cause of the accident.[3] A verdict cannot be supported on the basis of *17 mere speculation or conjecture.[4] Proof of negligence may be furnished by the circumstances themselves and it is not essential to have eye-witness testimony, but where the circumstantial evidence is offered because direct proof is not available it must provide as the only reasonable inference the conclusion that the accident was caused by the negligence of the defendant.[5] If a person is killed in an accident it is factually presumed that he exercised due care, but that presumption affords no basis for an inference that the accident was brought about by the negligence of defendant.[6]
Applying these principles to the present record it is clear that the evidence, deducing from it every reasonable inference favorable to plaintiffs, was not sufficient to justify a jury in finding that defendant was legally responsible for the happening of this pathetic accident. In order to determine the question of defendant's negligence the crucial fact to be ascertained was whether the boy, riding his bicycle, was ever in front *18 of defendant's car at such a distance ahead of it and for such an interval of time that defendant, had he been properly alert, would have been able to stop his automobile and thus avert a collision. But there is not a scintilla of evidence as to where the boy came from, nor how and when he got in front of defendant's car. Had he been riding south on Lumber Street from a point north of High Street? Or did he come west on High Street and turn south on Lumber Street immediately ahead of the automobile? Or had he been riding on the extreme westerly edge of Lumber Street and did he suddenly turn out directly in front of the oncoming car? The testimony does not furnish answers to any of these questions, but leaves everything to mere conjecture and speculation; the manner in which the accident happened is not described or pictured so as to be capable of visualization. Even assuming that defendant was driving at the time of the accident at 35 miles an hour that speed would not be illegal or improper in view of the fact that he had already crossed the dead-end intersection of High Street; between crossings the operator of an automobile is not obliged to have it under instant control, nor is the measure of care required of him as great as at public crossings;[7] moreover, if the boy came suddenly into the pathway of the automobile and immediately in front of it, the collision could not properly be attributed to the speed of the car, which, in that event, would not have been a causal factor of the accident. While, as defendant allegedly admitted, he knew that children used Lumber Street to go to and from school, this *19 did not charge him with the duty which would have been imposed upon him if the car were being driven in the immediate vicinity of a schoolhouse,[8] because here the nearest schoolhouse was on another street two or three blocks, or about 750 feet, from the point where the accident occurred. Nor is the fact that the back part and not the front of the bicycle was damaged proof that the automobile must have struck it full in the rear. Even if, however, it had been so struck the fatal gap in the testimony is still left open as to the distance ahead at which it came into the pathway of the automobile; although the accident may have been a rear-end collision there is not applicable to that type of accident[9] the familiar rule invoked by plaintiffs that when the thing which causes the injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care.
It appears that although there were present in the courtroom during the course of the trial eye-witnesses to the accident who had been subpoenaed by defendant, and although there was also a woman alleged to have been an eye-witness who was ill but whose deposition could have been obtained, and although eye-witnesses had testified at a coroner's inquest in regard to the happening of the accident and their testimony had been stenographically recorded, plaintiffs made no attempt to call any such witnesses but chose, instead, to rely wholly  in our opinion ineffectively  on the *20 circumstances attending the accident. After plaintiffs rested their case defendant also rested without producing testimony and presented a point for binding instructions, whereupon plaintiffs' counsel moved the court for permission to reopen their case and to present evidence "now available in court". We certainly cannot characterize the court's refusal of that motion as an abuse of discretion in view of the fact that the failure of counsel to call the eye-witnesses was obviously intentional and not due to any neglect, inadvertence or mistake; (see Seaboard Container Corporation v. Rothschild, 359 Pa. 51, 56, 58 A. 2d 800, 802).
Judgment affirmed.
Mr. Justice JONES and Mr. Justice LADNER dissent.
NOTES
[1] McAvoy v. Kromer, 277 Pa. 196, 197, 198, 120 A. 762; Pfendler v. Speer, 323 Pa. 443, 446, 185 A. 618, 619; Logan v. Bethlehem City, 324 Pa. 7, 12, 187 A. 389, 391; Wenhold v. O'Dea, 338 Pa. 33, 35, 12 A. 2d 115, 117; Balducci v. Cutler, 354 Pa. 436, 438, 47 A. 2d 643, 644; Stauffer, Admr., v. Railway Express Agency, Inc., 355 Pa. 24, 25, 47 A. 2d 817, 818; Donaldson, Executrix, v. Pittsburgh Rwys. Co., 358 Pa. 33, 36, 37, 55 A. 2d 759, 761; Fidelity-Philadelphia Trust Co. v. Staats, 358 Pa. 344, 346, 57 A. 2d 830, 831; Stanalonis, Admr., v. Branch Motor Express Co., 358 Pa. 426, 429, 57 A. 2d 866, 868.
[2] Sajatovich v. Traction Bus Co., 314 Pa. 569, 574, 172 A. 148, 150; Brooks v. Morgan, 331 Pa. 235, 240, 200 A. 81, 83; Ashby, Admr., v. Philadelphia Transportation Co., 356 Pa. 610, 612, 52 A. 2d 578, 580; Fidelity-Philadelphia Trust Co. v. Staats, 358 Pa. 344, 346, 347, 57 A. 2d 830, 831.
[3] Skrutski v. Cochran, 341 Pa. 289, 291, 19 A. 2d 106; Martin v. Marateck, 345 Pa. 103, 106, 27 A. 2d 42, 44; Balducci v. Cutler, 354 Pa. 436, 439, 47 A. 2d 643, 644; Davis v. Moylan, 354 Pa. 508, 509, 510, 47 A. 2d 641, 642; Ashby, Admr., v. Philadelphia Transportation Co., 356 Pa. 610, 612, 52 A. 2d 578, 580; Donaldson v. Pittsburgh Rwys. Co., 358 Pa. 33, 36, 55 A. 2d 759, 761; Stanalonis, Admr., v. Branch Motor Express Co., 358 Pa. 426, 429, 57 A. 2d 866, 868.
[4] Purdy v. Hazeltine, 321 Pa. 459, 464, 184 A. 660, 662; Pfendler v. Speer, 323 Pa. 443, 448, 185 A. 618, 620; Stauffer, Admr., v. Railway Express Agency, Inc., 355 Pa. 24, 25, 47 A. 2d 817, 818; Ashby, Admr., v. Philadelphia Transportation Co., 356 Pa. 610, 613, 52 A. 2d 578, 580; Stanalonis, Admr., v. Branch Motor Express Co., 358 Pa. 426, 429, 57 A. 2d 866, 868.
[5] Pfendler v. Speer, 323 Pa. 443, 445, 185 A. 618, 619; Brooks v. Morgan, 331 Pa. 235, 239, 200 A. 81, 83; Wenhold v. O'Dea, 338 Pa. 33, 36, 12 A. 2d 115, 117; Skrutski v. Cochran, 341 Pa. 289, 291, 19 A. 2d 106, 107; Rowles v. Evanuik, 350 Pa. 64, 68, 38 A. 2d 255, 257; Van Tine v. Cornelius, Admr., 355 Pa. 584, 586, 50 A. 2d 299, 300; Donaldson, Executrix, v. Pittsburgh Rwys. Co., 358 Pa. 33, 37, 55 A. 2d 759, 761.
[6] Pfendler v. Speer, 323 Pa. 443, 446, 185 A. 618, 619; Skrutski v. Cochran, 341 Pa. 289, 291, 19 A. 2d 106; Houston v. Republican Athletic Association, 343 Pa. 218, 220, 22 A. 2d 715, 716; Ashby, Admr., v. Philadelphia Transportation Co., 356 Pa. 610, 612, 52 A. 2d 578, 580; Fidelity-Philadelphia Trust Co. v. Staats, 358 Pa. 344, 347, 57 A. 2d 830, 831; Stanalonis v. Branch Motor Express Co., 358 Pa. 426, 429, 57 A. 2d 866, 868.
[7] McAvoy v. Kromer, 277 Pa. 196, 199, 120 A. 762, 763; Whalen, Admrx., v. Yellow Cab Co., 313 Pa. 97, 99, 100, 169 A. 97, 98; Purdy v. Hazeltine, 321 Pa. 459, 461, 462, 184 A. 660, 661; Davidonis v. Philadelphia Gas Works Co., 347 Pa. 314, 315, 316, 32 A. 2d 304, 305; O'Farrell v. Milgram, 353 Pa. 468, 469, 46 A. 2d 165, 166.
[8] Stevenson v. Sarfert, 310 Pa. 458, 462, 165 A. 225, 226;
[9] Cirquitella v. C.C. Callaghan, Inc., 331 Pa. 465, 467, 200 A. 588, 589; Martin v. Marateck, 345 Pa. 103, 109, 27 A. 2d 42, 45; Meek v. Allen, 162 Pa. Superior Ct. 495, 497, 58 A. 2d 370, 371.