Schofield, Appellant, *v*. King.

Argued January 11, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*S. Walter Foulkrod, Jr.,* with him *J. Franklin Hartzell,* for appellant.

*Donald B. Smith,* with him *Smith & Mountenay,* for appellees.

OPINION BY MR. JUSTICE BELL, March 18, 1957:

Plaintiff appealed from an Order or Judgment of nonsuit. Isaac H. Schofield died as the result of injuries resulting from an apparent collision between a Ford station wagon which he was driving and a truck (consisting of a cab and a metal body) owned by defendant King, which was driven by defendant Gourley. The facts in this case are undisputed. Considering the evidence in the light most favorable to plaintiff, together with every reasonable inference therefrom (*Lewis v. Quinn,* 376 Pa. 109, 101 A. 2d 382; *Rush v. Plains Township,* 371 Pa. 117, 89 A. 2d 200; *Davies v. Delaware, Lackawanna and Western Railroad Company,* 370 Pa. 180, 87 A. 2d 183), the facts are as follows:

Plaintiff called two witnesses. The testimony on which the plaintiff mainly relies is that of a Pennsylvania State policeman, Alexander Balnis, who investigated the accident shortly after its occurrence at approximately 9:15 on the evening of April 28, 1953. Decedent was driving his Ford station wagon in a northerly direction on Old York Road (route 263) north of the village of Furlong in Bucks County. The highway runs north and south, the paved portion is approximately 19 feet in width and at that time had no white lines

or other markers. Defendant Gourley was driving his truck in a southerly direction on Old York Road. Arriving at the scene of the accident Officer Balnis observed the decedent's station wagon on the easterly side of the highway (his correct lane) facing in a southwesterly direction. The vehicle was on the paved portion of the highway except for its left rear wheel. The truck, owned by defendant King and operated by defendant Gourley, was on the westerly side of the highway (his correct lane) facing in a southeasterly direction with its cab and chassis on the paved portion of the highway and with its rear wheels on the shoulder. *Both automobiles were on their right or proper side of the highway.* Both vehicles suffered extensive damage to their left sides and came to rest approximately 40 feet apart. Officer Balnis testified that the debris "was pretty well strewn in that area between the two vehicles". This witness also testified to his observance of a skid mark which extended in an arc for a distance of approximately 13 feet along the eastern edge of the highway leading to the right rear wheel of the decedent's station wagon. The importance of this skid mark will hereinafter appear.

Balnis further testified that Gourley told him he was traveling south on Old York Road at 25 to 35 miles an hour; his lights were in good working condition; that decedent's car, which was traveling at a very fast rate of speed, swerved over onto his, Gourley's side of the road; that he cut his wheels to the right and that it was his impression that the right front wheels of his truck were on the dirt shoulder when the collision took place.

Gourley was called by plaintiff as for cross-examination but was not questioned concerning the accident itself or how it occurred. In the light of Balnis's testimony, the reason is obvious.

The law is clearly settled; the difficulty is in applying the law to the meagre evidence presented by plaintiff.

Plaintiff has the burden of proving that the defendant was negligent and that his negligence was the proximate cause of the accident. The mere happening of an accident does not prove negligence by either party: *Lanni v. Pa. R. R. Co.,* 371 Pa. 106, 88 A. 2d 887. If a person is killed in an accident there is a rebuttable presumption of fact that he exercised due care, but that presumption affords no basis for an inference that the accident was caused by the negligence of defendant: *Duda v. Carothers,* 379 Pa. 248, 108 A. 2d 791; *Ebersole v. Beistline,* 368 Pa. 12, 82 A. 2d 11. Finally, a compulsory nonsuit can be entered only in a clear case: cf. *Downes v. Hodin,* 377 Pa. 208, 104 A. 2d 495; *Waldman v. Shoemaker,* 367 Pa. 587, 80 A. 2d 776; *Vrabel v. Scholler,* 369 Pa. 235, 85 A. 2d 858.

The leading case on this subject is *Ebersole v. Beistline,* 368 Pa., supra. In that case an automobile was being driven by defendant southwardly on Lombard Street around midday. At a point four feet from the west edge of the macadam defendant's car struck the *rear* of a bicycle on which plaintiff, a 9 year old boy, was riding. Lombard Street was 22 feet wide and defendant knew that children played there. After the accident the boy's body was found lying on the west curb 90 feet south of the point of impact from the point where defendant's automobile struck plaintiff's bicycle. Plaintiff's bicycle was found nearby. The boy died on arrival at the hospital. Defendant was traveling between 20 and 35 miles an hour, but there was no evidence where the boy and his bicycle had come from nor how long they had been in front of defendant before he struck them. This Court affirmed a directed verdict for defendant, holding that plaintiff had failed to

make out a prima facie case of negligence. The Court, in a very able opinion, said (pages 15-17) :

"The principles applicable to cases of this kind have been so frequently proclaimed that it would seem quite unnecessary to reiterate them. Stating them briefly, however, they are as follows: The mere fact that a collision has occurred between two vehicles affords. no basis, in the absence of evidence as to the manner of its occurrence, for inferring that one party rather than the other was at fault; in other words the doctrine of res ipsa loquitur does not apply. . . . The evidence is insufficient to warrant recovery if it fails to describe, picture or visualize what actually happened sufficiently to enable the fact-finding tribunal reasonably to conclude that the defendant was guilty of negligence and that his negligence was the proximate cause of the accident. A verdict cannot be supported on the basis of mere speculation or conjecture. Proof of negligence may be furnished by the circumstances themselves and it is not essential to have eye-witness testimony, but where the circumstantial evidence is offered because direct proof is not available it must provide as *the only reasonable inference** the conclusion that the accident was caused by the negligence of the defendant. If a person is killed in an accident it is factually presumed that he exercised due care, but that presumption affords no basis for an inference that the accident was brought about by the negligence of defendant.

"Applying these principles to the present record it is clear that the evidence, deducing from it every reasonable inference favorable to plaintiffs, was not sufficient to justify a jury in finding that defendant was legally responsible for the happening of this pathetic accident." The Court further held that the exclusive

---

* Italics, ours.

control doctrine did not apply, and cited a host of authorities to support every proposition or principle asserted therein.

The question in the instant case boils down to whether plaintiff has described what actually happened, i.e., exactly how and where the accident happened in such a way as to enable a jury to reasonably conclude that defendant was guilty of negligence. Expressed more concretely, did the circumstantial evidence "provide as *the only reasonable inference* the conclusion that the accident was caused by the negligence of the defendant"?

It is clear that the two automobiles collided. It is equally clear that one of them must have been negligently *or accidentally* on the wrong side of the road at the time of the collision. Plaintiff elected to rest on the presumption of due care which arises when a person is killed in an accident. The presumption of due care is what befogs an otherwise clear case—without such presumption, it is clear as crystal that there is not a scintilla of evidence to prove exactly how and where the accident happened, or any negligence on the part of the defendant. Moreover, if we recall that the presumption of due care affects only the decedent and raises no presumption of negligence on the part of the defendant, it helps to once again demonstrate that there is not a scintilla of evidence to prove negligence on the part of the defendant. Plaintiff here makes the same contentions which were made and rejected in the *Ebersole* case. The error into which plaintiff (here and in *Ebersole*) falls is to conclude that since he exercised due care and since there was a collision it must have resulted from the negligence of defendant. That is plausible but specious reasoning because, as we have seen, the presumption is restricted to a presumption of due care on the part of the decedent "but that

presumption affords no basis for an inference that the accident was brought about by the negligence of defendant". In other words, plaintiff still must prove that defendant was negligent, and neither the presumption of due care which arose because of his death, nor the fact that the accident must have occurred on *one* side of the road, is sufficient to constitute proof of negligence on the part of the defendant.

Defendant's truck was found on his side of the road. There is nothing in the evidence to prove that defendant was ever on the wrong side of the road. There is nothing in the evidence to prove that plaintiff's automobile was in good condition at the time of the accident, or that nothing had happened to the steering wheel, or that he had not driven into the wrong lane in order to avoid an animal or perhaps because he was blinded by the approaching lights. In other words, this traffic accident, as in the *Ebersole* case, could have happened accidentally or without negligence on the part of either plaintiff or defendant. This crucial point has been completely overlooked by plaintiff.

Plaintiff further contends that the skid marks of 13 feet from his car (at rest after the accident) are sufficient circumstantial evidence to prove that the mark occurred at the time or immediately prior to impact and therefore show that plaintiff's automobile was in the right lane and defendant's automobile must therefore have crossed over into plaintiff's lane and struck his automobile in that lane. This is nothing but speculation or conjecture. The skid marks in this case do not fix the point of impact; indeed, skid marks often precede the contact of vehicles and at other times begin at various distances between the point of impact and the place where the vehicle comes to rest.

To allow a recovery on evidence such as was presented in this case would be to abolish the century old

principles of negligence in such cases and substitute, at least in death cases, the doctrine of res ipsa loquitur. We believe, as we held in *Ebersole v. Beistline** that there is no justification for such change.

Plaintiff vigorously contends that *Bills v. Zitterbart*, 363 Pa. 207, 69 A. 2d 78, is directly in point and compels the submission of this case to the jury. That case, which was properly left to the jury, was on its facts clearly distinguishable. In that case the cars were 108 feet apart when they came to rest and all parties agreed that the point of collision was *within* that space. The skid or tire marks clearly showed that the right rear tracks of Bills' car were in the berm far over on his side of the highway for a distance of *115 feet immediately prior* to the accident. These distances clearly demonstrated that plaintiff at the time of the collision, as well as prior thereto, was driving far over on his own side of the road and that defendant must necessarily have been driving on the wrong side of the road.

Judgment affirmed.

---

* There was a similar holding in a myriad of other cases.