## Commonwealth v. Kaller

*Jack A. Rounick,* for appellant.

*Maurice Levin* and *Stuart A. Liner,* Assistant Attorneys General, for Commonwealth.

STANZIANI, J., February 8, 1973.—On December 14, 1971, Roger Kaller, an employe of Surface Shield, was operating a company-owned truck with a trailer attached in Montgomery County on Butler Pike going toward Ambler. While driving, he checked his rear view mirror and noticed that the trailer had become unattached from the truck about 100 yards back and was sitting on his side of the road. He backed up and learned that a truck belonging to Monarch Beverage Company and operated by C. R. Frederick was off the road on the other side. Suit was started against Roger Kaller by Monarch and Frederick and he joined Robert Miller who ". . . manufactured the trailer and trailer hitch and completed the total assembly of the trailer to the truck," as an additional defendant. On August 9, 1972, a default judgment was taken against Robert Miller in the suit.

At the time of the accident, Roger Kaller had insurance on his personal vehicle and the company vehicle he was driving was insured. There was no insurance coverage for the trailer. An evaluator's worksheet com-

pletely unsubstantiated by either documentary evidence or witnesses was submitted by the Commonwealth apparently to indicate, in accordance with the statute, that the secretary had determined that $4,025 was the amount of security necessary. By letter dated April 28, 1972, defendant was notified that he was required to deliver a certified check, money order or surety bond in the amount of $4,025 to the Department of Transportation or submit a signed release from all aggrieved parties on or before May 12, 1972. Defendant's failure to comply with the terms of this notice resulted in a letter dated June 16, 1972, advising defendant that a hearing was scheduled on July 6, 1972, at the State Police Driver Exam Point in Norristown. The scheduled hearing was held and defendant appeared. Defendant received official notification of suspension of motor vehicle privileges effective November 9, 1972, by notice mailed October 30, 1972, from the Department of Transportation pursuant to the provisions of The Vehicle Code of April 29, 1959, P.L. 58, sec. 1404, as amended, 75 PS §1404. Defendant appealed from the order of the Secretary of Transportation suspending the operator's license of petitioner and a hearing de novo was granted to determine whether or not petitioner was subject to suspension. Petitioner's license was restored since the appeal served as a supersedeas.

A hearing was held before this court on December 19, 1972, at the conclusion of which "the suspension by the Secretary of Revenue dated November 9, 1972" was reversed by order dated December 19, 1972, from which an appeal was taken on January 17, 1973, making this opinion necessary.

The issue before this court is "whether at the administrative level or at the hearing de novo the Commonwealth has produced evidence that there is a

reasonable possibility of a judgment being entered against this operator": Commonwealth v. Harvey, 19 Chester 190, 192 (1971). Defendant employe admitted that he was driving a company-owned truck from which a trailer became unhitched. The Commonwealth offered no evidence that defendant was negligent either before, during or after the accident, nor was there any evidence that he had anything to do with the trailer. In fact, when sued, he joined Robert Miller, who had built the trailer and trailer hitch and completed the total assembly to the truck, as an additional defendant and default judgment was taken against Mr. Miller.

Defendant was merely operating equipment consisting of a truck with an attached trailer for his employer when the trailer became unhitched. Since there was no evidence showing that defendant was negligent or that he was responsible for the accident, it has not been shown that there is a "reasonable likelihood of judgment" against him. "The mere happening of an accident does not presumptively establish that one of the parties was negligent": 27 P.L. Encyc. 229 §164, citing Morris v. Lipkin, 317 Pa. 422, 424 (1935), and Schofield v. King, 388 Pa. 132, 136 (1957). The Commonwealth proved and defendant admitted that an accident occurred on December 14, 1971, and that defendant was operating a vehicle which was involved, albeit indirectly, in that accident. There was no evidence presented on the reasonable possibility of liability nor on the question of how the secretary arrived at the amount of the necessary security. The evaluator's worksheet sheds no light on liability or damages.

Since the Commonwealth did not meet its burden of proof in the court of common pleas at the hearing de novo, the action of the Secretary of the Department of Transportation of this Commonwealth was properly set aside.